(81 South. 694)

No. 23092.

## MACK v. LEGEAI.

(May 5, 1919.)

*(Syllabus by Editorial Staff.)*

MASTER AND SERVANT ⟨⟨==⟩⟩385(11)—EMPLOY-
ERS' LIABILITY ACT—AWARD FOR TEMPORA-
RY TOTAL OR PERMANENT PARTIAL DISA-
BILITY.

Where injury to a servant's knee has caus-
ed a temporary total disability, and the evidence
is that it will cause a permanent partial disa-
bility, he is entitled to an award under Em-
ployers' Liability Act, § 8, cls. (a) or (c), for
the entire period of his disability not exceed-
ing 300 weeks, less the number of weeks for
which he has received compensation, the amend-
ing of section 8 by Acts 1916, No. 243, having
merely made general provision for compensation
for serious permanent injury not falling within
any of the provisions already made.

Provosty, J., dissenting.

Appeal from Civil District Court, Parish
of Orleans; George H. Théard, Judge.

Suit for compensation under the Employ-
ers' Liability Act by John Mack against
James J. Legeai. From the judgment award-
ing compensation, plaintiff appeals. Judg-
ment amended by increasing the term of
payment.

H. W. Robinson and Howell Carter, Jr.,
both of New Orleans, for appellant.

Edward Rightor, of New Orleans, for ap-
pellee.

O'NIELL, J. This is a suit for com-
pensation, under the Employers' Liability
Act, the Act No. 20 of 1914, as amended by
Act No. 243 of 1916. Plaintiff suffered an
injury to his knee, which rendered him tem-
porarily unable to do work of any character,
and which has permanently disabled him
seriously. The question is whether he should
be compensated for the inability to work, ac-
cording to the original provisions of the
statute, or be compensated only for having
"the usefulness of a member or physical
function seriously permanently impaired"
according to the amendment of 1916.

The new paragraph which was added to
section 8 of the statute by the amending act
of 1916, and which the defendant employer
invokes as the law of this case, is this:

"In cases not falling within any of the pro-
visions already made, where the employé is se-
riously permanently disfigured about the face or
head or where the usefulness of a member or
any physical function is seriously permanently
impaired, the court of proper jurisdiction as
hereinafter provided may allow such compen-
sation as is reasonable in proportion to the
compensation hereinabove specifically provided
in the cases of specific disabilities above named,
not to exceed fifty per centum of wages during
one hundred weeks."

A careful analysis of section 8 of the stat-
ute, as amended, convinces us that the new
paragraph, making provision for "cases not
falling within any of the provisions already
made," applies only to cases of injuries that
do not produce disability to work.

As originally enacted, the statute provided
only for injuries producing disability to
work. Recognizing that there were, of
course, only four general classes of disabil-
ity to work, the Legislature placed them in
four separate subsections of section 8, viz.:
(a) Injury producing temporary total dis-
ability to do work of any reasonable char-
acter; (b) injury producing temporary par-
tial disability; (c) injury producing perma-
nent partial disability; and (d) injury pro-
ducing permanent total disability to do work
of any character.

The special provisions for certain speci-
fied "permanent partial disabilities," e. g.,
for loss of a thumb, finger, toe, hand, arm,
foot, leg, or eye, were appropriately placed in
subsection (c). And, at the end of that sub-
section, it was declared, appropriately, that
the loss of both hands, both feet, both eyes, or
a hand and a foot, should constitute total
permanent disability, to be compensated ac-

cording to the provisions of subsection (d).

The four subsections, (a), (b), (c), and (d), therefore, made provision for each and every class of physical disability to work. The statute, however, made no provision for an injury that did not produce disability to work. That was recognized in the case of Effie Boyer v. Crescent Paper Box Factory, 143 La. 367, 78 South. 596, where the plaintiff had suffered the loss of her scalp. And probably it was the notoriety of her case that brought about the amendment of the law, so as to provide compensation for an injury producing a serious permanent disfigurement of the face or head, or a serious and permanent impairment of the usefulness of any member or physical function, without regard for disability to work.

Defendant contends, and the district court has held, that the expression in the new paragraph of section 8, "in cases not falling within any of the provisions already made," refers to and excludes only the special provisions for the injuries specifically described in that subsection. Plaintiff contends, and we think correctly, that the idea was to make a general provision for compensation to be allowed for serious permanent injury, "in cases not falling within any of the provisions already made" in that or any other subsection of section 8.

What has caused the confusion and doubt as to whether the expression, "in cases not falling within any of the provisions already made," excludes the cases provided for in the general provisions of subsection (c), or excludes only the special provisions of the new subsection (d), is that the new paragraph providing for serious permanent injuries, without regard to disability to work, is placed in the same subsection with certain permanent partial disabilities that are specifically described; and they, in turn, are taken out of subsection (c) and put into a subsection of their own, as if it were possible to

have five classes of disability to do work. There would be no room for misunderstanding if the new paragraph, making provision for serious permanent injuries, "in cases not falling within any of the provisions already made," had been given a separate section or subsection, or if the special provisions for the permanent partial disabilities specifically described had been left in subsection (c), where they belong.

If we should hold that the expression "in cases not falling within any of the provisions already made," does not exclude cases falling within the provisions of the first paragraph of the original subsection (c), retained in the amendment as subsection (c), that subsection, making provision for permanent partial disabilities, would have no meaning whatever.

It is certain that the first paragraph of subsection (c) of the original enactment would not have been retained as subsection (c) in the amendment if the Legislature had intended, by inserting the new paragraph making provision for "cases not falling within any of the provisions already made," to do away with the provisions of subsection (c). That subsection allows compensation, for permanent partial disability, at a rate one-half the difference between the wages which the injured employé was able to earn before and after the accident, subject to a maximum of $10 per week, for a period not exceeding 300 weeks. The new paragraph in the amending act declares that, "in cases not falling within any of the provisions already made," the court may allow compensation for an injury producing serious permanent disfigurement of the face or head or serious permanent impairment of any physical member or function, in proportion to the compensation allowed for those permanent partial disabilities specifically mentioned and provided for, but not exceeding half of the wages during 100 weeks. If we should adopt

the district judge's construction of this new paragraph, holding that it applies to cases of permanent partial disability to do work, every case that falls within subsection (c) would also fall within subsection (d) of the amended act; for that subsection, after providing particularly for all of those permanent partial disabilities that are specifically described, would then provide generally for all other permanent partial disabilities. Where, then, would be the sense in subsection (c) allowing as compensation for a permanent partial disability one-half of the loss of wage earning capacity for a period not exceeding 300 weeks, if the general provisions of the new paragraph in section (d) of the amendment should limit the compensation to half wages for only 100 weeks, for every permanent partial disability not specifically provided for in that subsection?

The new paragraph in the amended act, however, bears evidence itself that the Legislature had no intention of stultifying the provisions of the first paragraph of the original subsection (c) retained as subsection (c) in the amended act; for subsection (d), in which appears the new paragraph, is the only one in which the term of payment of compensation is not limited to the period of disability. That is because the new paragraph, making provision for serious permanent disfigurement about the face or head, or serious permanent impairment of a physical function or member, applies only "in cases not falling within any of the provisions already made," and therefore has no application to an injury producing disability to work—either temporary or permanent, partial or total.

The injury suffered by the plaintiff in this case has caused a temporary total disability, and the evidence is that it will be a permanent partial disability. He is entitled to compensation under only one of the provisions of the act. It is admitted that he is entitled to $10 per week, if entitled to anything, and the maximum period for payment of compensation is the same in either subsection, (a) or (c), i. e., 300 weeks.

We see no reason why the statute should limit the term of payment of compensation as it does, for a permanent disability, either partial or total, to "the period of disability." It may be that the payments shall cease at the death of the injured employé if he should live a year or longer after the accident, but die within the other limitation, 300 weeks, in case of permanent partial disability, or 400 weeks in case of permanent total disability; for it seems that the statute provides for compensation to be paid the dependents of an injured employé only in the event of his death within one year after the accident. Be that as it may, according to the admission in the record, plaintiff is entitled to compensation at the rate of $10 per week, and, according to the language of the statute, he is entitled "to be paid for the period of disability, not exceeding 300 weeks." Having received the compensation for 15 weeks, he is entitled to be paid for the remaining period of his disability, not exceeding the remainder of the 300 weeks.

The judgment appealed from is amended by increasing the term of payment of the compensation to be paid plaintiff by defendant, at $10 per week, from 85 weeks to the entire period of his disability, not exceeding 285 weeks, dating from September 14, 1917. Defendant is to pay all costs of this suit.

MONROE, C. J., not having heard the argument, takes no part.

PROVOSTY, J., dissents.