(85 South. C40)

No. 23826.

**GARR v. WYATT LUMBER CO.**

(June 30, 1920.)

*(Syllabus by Editorial Staff.)*

Master and servant ⊚⇒385(8)—Compensation held governed by statutory provisions for partial disability to work.

Compensation of sawmill employé who fell on log carriage and suffered injury, whereby his left arm was paralyzed, *held* governed by Act No. 38 of 1918, § 8, subsec. "c," providing for injury producing partial disability to do work of any reasonable character, not subsection "e," providing only for injury not producing disability to work.

Appeal from Twelfth Judicial District Court, Parish of Sabine; John H. Boone, Judge.

Suit for compensation under the Employers' Liability Act by Zebedee Garr against the Wyatt Lumber Company. From judgment for plaintiff, defendant appeals, and plaintiff, answering the appeal, prays that the term of payment of the compensation be increased. Judgment annulled, and case remanded, with instructions.

J. C. Henriques, of New Orleans, and S. D. Ponder, of Many, for appellant.

F. M. Wood, W. M. Lyles, and Hardin & Hardin, all of Leesville, for appellee.

O'NIELL, J. This is a suit for compensation under the Employers' Liability Act (Act 20 of 1914, p. 44, as amended by Act 243 of 1916, p. 512, and as amended by Act 38 of 1918, p. 49).

While at work in defendant's sawmill, performing services arising out of and incidental to his employment, plaintiff fell upon the log carriage and suffered a severe injury, as a result of which his left arm was paralyzed. He was earning $18 a week at the time of the accident. The district judge, holding that the case came within the provisions of subsection (e) of section 8 of the Act 38 of 1918, allowed plaintiff 55 per cent. of his weekly wages, that is, he allowed $9.90 a week "for a period not exceeding one hundred weeks," less the sum of $24.50 which had been paid by defendant. The latter has appealed; and plaintiff, answering the appeal, prays that the term of payment of the compensation be increased to 300 weeks.

If the amount of compensation should have been measured by subsection (e) of section 8 of the statute, the court should have determined only the rate of wages per week (not exceeding 55 per cent. of the weekly wages of the employé), and should have allowed the amount so fixed or determined for the entire period of 100 weeks. Subsection (e) fixes definitely the period of payment of compensation at 100 weeks, and limits the discretion of the judge, as to the rate that he may allow, to 55 per cent. of the weekly wages that the injured employé had been earning, viz.:

"(e) In cases not falling within any of the provisions already made, where the employé is seriously permanently disfigured about the face or head, or where the usefulness of a member or any physical function is seriously permanently impaired, the court may allow such compensation as is reasonable in proportion to the compensation hereinabove specifically provided in the cases of specific disabilities above named, not to exceed fifty-five per centum of wages during one hundred weeks."

The case, however, does not come within the provisions of subsection (e) of section 8 of the statute, because it does fall within one of the provisions theretofore made. Subsection (e), by its express terms, applies only to "cases not falling within any of the provisions already made." Provision was already made, in subsections (a), (b), (c), and (d), for injuries producing all four classes of disabil-

ity for work (including certain specified permanent total disabilities and certain specified permanent partial disabilities), viz.: (a) For injury producing temporary total disability; (b) for injury producing permanent total disability (including specifically the loss of both hands, both feet, both eyes, or one hand and one foot); (c) for injury producing partial disability, whether temporary or permanent; and (d) for certain specified permanent partial disabilities, i. e. loss of a thumb, finger, toe, hand, an arm, a foot, leg, or an eye.

• Before the enactment of subsection (e), the statute made no provision for an injury not producing disability for work. That subsection was enacted, by Act 243 of 1916, as an amendment or addition to section 8 of the original statute, Act 20 of 1914; and, after a careful analysis of the provisions of the law, in the case of Mack v. Legeai, 144 La. 1017, 81 South. 694, we came to the conclusion that the new paragraph, which is now designated as subsection (e), was applicable only to cases of injury not producing disability for work.

Counsel for defendant contends that subsection (e) is applicable to any injury producing permanent partial disability for work, and that the decision to the contrary in Mack v. Legeai should be overruled. If that were true, the new subsection, (e), would have the effect of abolishing the provisions of subsection (d) for injury producing permanent partial disability.

In the amending statute of 1916 the new paragraph, which is now subsection (e) in section 8, was inserted as an additional paragraph in subsection (d), which otherwise provided only for specific injuries, as the loss of a thumb, finger, toe, hand, an arm, a foot, leg, or an eye. Subsection (c), which originally made provision for those specified injuries as well as for all other permanent partial disabilities generally, was then made to apply only generally to injuries, other than those specified, producing permanent partial disability.

In that situation we said, in the case of Mack v. Legeai:

"What has caused the confusion and doubt as to whether the expression 'in cases not falling within any of the provisions already made' excludes the cases provided for in the general provisions of subsection (c), or excludes only the special provisions of the new subsection (d), is that the new paragraph providing for serious permanent injuries, without regard to disability to work, is placed in the same subsection with certain permanent partial disabilities that are specifically described; and they, in turn, are taken out of subsection (c) and put into a subsection of their own, as if it were possible to have five classes of disability to do work. There would be no room for misunderstanding if the new paragraph, making provision for serious permanent injuries, 'in cases not falling within any of the provisions already made,' had been given a separate section or subsection, or if the special provisions for the permanent partial disabilities specifically described had been left in subsection (c), where they belong."

In the new arrangement of section 8, in the amending statute, Act 38 of 1918, the new paragraph, making provision for "cases not falling within any of the provisions already made," has been taken out of subsection (d) and is now a separate subsection, designated as subsection (e). Thus the Legislature has removed all doubt that the new subsection is applicable only to cases of injury not producing incapacity for work, as was held in the case of Mack v. Legeai.

The case before us, therefore, is governed by the provision of subsection (c) of section 8 of the Act 38 of 1918, viz.:

"For injury producing partial disability to do work of any reasonable character, fifty-five per centum of difference between wages at the time of the injury and wages which the injured employé is able to earn thereafter during the period of disability, not, however, beyond three hundred weeks."

It is not possible to determine from the record in this case the amount of the difference between the employé's wages at the

time of the injury and the wages that he has been able to earn since the injury occurred. The district judge, considering subsection (c) of section 8 of the statute not applicable to the case, did not attempt to fix or determine the difference between plaintiff's wage-earning capacity before and after the accident; and the evidence on the subject is very vague. We have therefore concluded to remand the case to the district court, to receive further evidence as to plaintiff's loss of wage-earning capacity in consequence of the injury he has suffered, and to allow him compensation under subsection (c) of section 8 of Act 38 of 1918; that is, to allow him compensation at the rate of 55 per cent. of the loss of wage-earning capacity that he suffered as a result of the injury, for the period of his disability, not, however, beyond 300 weeks.

The judgment appealed from is annulled, and it is ordered that this case be remanded to the district court, with instructions to allow plaintiff compensation, under subsection (c) of section 8 of Act 38 of 1918, at such rate per week as will amount to 55 per cent. of his loss of wage-earning capacity as a result of the accident, for the period of his disability, not, however, beyond 300 weeks. For that purpose, the court is to hear such additional evidence as may be deemed necessary. The defendant is to pay all costs of this suit.