### No. 2133.
### Second Circuit Appeal.

---

### VIRGIN M. BRYANT v. THE TEXAS PIPE LINE COMPANY.

---

(October 17, 1924, Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. Louisiana Digest—Master and Servant —Par. 159, 159 (a).

Where employee's leg and knee are injured causing temporary disability from

doing work of a reasonable character; held, Section 8, Subsection 1 (d), of Act 20 of 1914, the last paragraph of which reads: "The permanent total loss of the use of a member shall be equivalent to the amputation of the member," does not apply, but Section 8, Subsection 1 (a), of Act 20 of 1914 does apply.

2. **Louisiana Digest—Master and Servant— Par. 160 (a).**

No one should say to injured employee that he should submit to an operation to remove his leg.

Appeal from the First District Court, Parish of Caddo, Hon. T. F. Bell, Judge.

This is a suit under the Employers' Liability Act No. 20 of 1914 to recover compensation for injuries to an employee.

Judgment for plaintiff and defendant appealed.

Judgment affirmed.

Julius T. Long of Shreveport, attorney for plaintiff and appellee.

J. S. Atkinson and Alex Smith of Shreveport, attorneys for defendant and appellant.

CROW, J. This case involves only the construction of the last paragraph of Subsection (d) of Section 8 (1) of Act No. 20 of 1914 (Workmen's Compensation Act), as amended by Act No. 43 of 1922, which reads as follows:

"The permanent total loss of the use of a member shall be equivalent to the amputation of the member."

The plaintiff's injury is a severe and extremely painful one to his left leg and knee, which temporarily totally disabled him from doing any work of a reasonable character, if, indeed, it did not render him permanently unable to do work such as he was accustomed and fitted to do.

The contention of defendant is that, under the provision of the law as above quoted, plaintiff should not, in any event, be permitted to recover more than is allowed one for the amputation of a leg, which, under Sub-section (d) of Section 8 (1) is 60 per centum of wages during a period of 175 weeks. The further contention is that it would be inequitable to allow plaintiff 60 per centum of his wages for a possible period of 300 weeks when if his leg had been amputated, he could have recovered the same per centum of his wages for a period of only 175 weeks.

The Judge of the District Court found that plaintiff was temporarily totally disabled, and allowed him compensation under Subsection 1 (a) of Section 8 of Act 43 of 1922, at the rate of 60 per centum of his wages during the period of his disability, not, however, beyond 300 weeks.

## OPINION

There is no question, from the evidence, but that plaintiff is totally disabled, at least temporarily, from doing work of a reasonable character; but, says defendant, the Judge should have limited the duration of the compensation to 275 weeks, as for loss of leg by amputation, or the equivalent thereof.

Clearly, before Act 43 of 1922 was enacted, the judgment is not only in accord with the statute, but is absolutely in consonance with the decisions of our Supreme Court. (See Mack vs. Legeal, 144 La. 1017, 81 South. 694; Durrett vs. Woods, 155 La. 534, 99 South. 430.)

We do not think the position of defendant is tenable. While defendant may eventually have to pay more to plaintiff than it would have to pay if there was a total loss of the use of the leg or if it had been amputated, it may have to pay him compensation for a period of only 52 weeks; for, under the judgment, the defendant can come into Court at the end of one year from the date the judgment becomes operative, and have it modified or rendered in-

operative further. Hence, as against the possibility of having to pay compensation during a period of 300 weeks, there is balanced the hope and the probability that the payments will continue for a period of only 52 weeks, or any number of weeks less than that allowed for total loss of the use of a leg or the amputation thereof.

Again, the above quoted amendment of the Act reads: "The permanent total loss of the use of a member shall be equivalent to the amputation thereof." It is not evident in the case at bar that there is a "permanent total loss of the use of" plaintiff's leg. There is certainly entertained a strong hope that the condition of the injured member may be not only alleviated, but partially, if not totally, relieved. No one should say to plaintiff that he must subject himself to an operation that will entirely remove his leg. Then why, just to possibly save a small payment to plaintiff, should he be compelled to go through life with only one leg, when he is certainly in hope of being partially, if not totally, cured of his suffering and injury without an amputation of the leg? Too, if operated on for removal of the member, he runs the risk of losing his life.

We do not think the above quoted amendment was enacted to cover a case and a condition such as this one presents.

The judgment is correct, and it is affirmed, at the cost of appellant.

There has been filed in this case an agreement by counsel for both sides that the appeal be dismissed at the cost of appellant.

It is therefore ordered that the appeal be dismissed at appellant's cost.