No. 9814.

Orleans Appeal.

SHURLEY L. BUTLER, Appellant, v. THE MARYLAND CASUALTY CO. ET AL.

(February 16, 1925, Opinion and Decree.)
(March 16, 1925, Rehearing Refused.)
(May 26, 1925, Decree Supreme Court. Writ of Certiorari and Review Refused.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Master and Servan —Par. 159 (a).

The provisions of sub-sections (d) and (e) of the compensation law have reference to injuries to workmen without regard to the effect of such injuries upon their earning capacity, whereas sub-section (c) of the act refers to injuries which affect the employee's ability to work. Consequently, a permanent injury to the right hand of a mechanic causing partial disability is compensated under sub-section (c) and not (d) or (e) of Section 8 of the Employers' Liability Law.

(Act No. 20 of 1914, page 44, as amended by Act 43 of 1922.) Recent amendment is Act 216 of 1924. Editor's note.)

Appeal from the Civil District Court for the Parish of Orleans, Hon. Mark M. Boatner, Judge.

This is an action under the Employers Liability Act No. 20 of 1914.

There was judgment for plaintiff and plaintiff has appealed.

Judgment amended and affirmed.

Habans & Coleman, attorneys for plaintiff and appellant.

P. M. Milner, attorney for defendant and appellee.

WESTERFIELD, J. Plaintiff claims compensation at the rate of $18.00 per week during disability to the extent of 300 weeks under sub-section (c) of Section 8 of Act 20 of 1914 as amended, known as the Employers' Liability Act.

Defendants admit plaintiff's claim for compensation upon the basis of $18.00 per week, but contend that he is entitled to but one hundred weeks' pay under the provisions of sub-section (e) of Section 8 of the law as amended by Act 43 of 1922.

There was judgment for plaintiff for $18.00 per week for 150 weeks and plaintiff has appealed. Defendant answering the appeal repeats his prayer for a reduction to 100 weeks.

The section of the compensation law, upon which plaintiff relies, Sub-section (c) of Section 8, covers injuries which produce partial disability to do work of any reasonable character. Sub-section (d) of Section 8 as amended, fixes the compensation of injured employees without reference to the effect of the injury upon their ability to work thus: For the loss of thumb, 60 per cent of wages during fifty weeks; a finger, thirty weeks; a toe, ten weeks; a hand, one hundred and thirty weeks; an arm, two hundred weeks, etc. This Sub-section concludes with the clause "The total loss of the use of a member shall be equivalent to the amputation of the member".

Sub-section (e) of Section 8 of the Act as amended by Act 43 of 1922, the one relied upon by defendant, provides as follows:

(e) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a member of any physical function is seriously permanently impaired, the Court may allow such compensation as is reasonable in proportion to the compensation hereinabove specifically provided in the cases of specific disability above named, not to exceed sixty per centum of wages during one hundred weeks."

Plaintiff was injured in the right hand while pursuing his occupation as a mechanic in which he had been engaged for twenty-one years. His hand was crushed by the collapse of a jack supporting a heavy piece of machinery causing deformity of the hand, stiffness of the finger joints and "neuroma" of middle finger, with the result

that he was unable to close fingers, clasp objects or hold hammers or other tools in his hand. His injuries were permanent and such as to partially disqualify him for work of any reasonable character.

Should plaintiff be compensated under Sub-section (c) of Section 8 as he claims, or Sub-section (d) where the court below placed him, or under Sub-section (e) where defendants claim he should be, is the question to be decided.

Sub-section (d) it will be remembered, contained the clause we have quoted, declaring that the total loss of the use of a member shall be equivalent to amputation and our learned brother below thought this sub-section applicable and awarded plaintiff 150 weeks, the compensation fixed therein for the loss of a hand. But we think he erred. In the first place the plaintiff in this case did not suffer the total loss of the use of his hand but only a partial loss of use. In the second place, the sub-section awarding compensation for the loss of a hand, foot, etc., is for a definite period and has nothing to do with the earning capacity of the employee. It is quite possible that an injured employee's earning capacity may increase, yet if his injury consists of the loss of a member, his compensation is not affected. It is also possible that an employee may receive far less compensation under Sub-section (c) than under either (d) or (e) for under (c) his compensation is only to be paid during disability.

Sub-section (e) which, as it appears in the Act of 1922, is a repetition of the provision as it appeared in a previous amendatory act (Act 243 of 1916) was intended to provide for employees whose injuries were not provided for in the other sub-divisions of Section 8 of the Act. It is not destructive of any of the other provisions of the Section as counsel contends, but is supplementary thereto.

In Mack vs. Legeai, 144 La. 1018, 81 South. 694, the Supreme Court in referring to this provision, then a part of a former act, said:

"The four subsections, (a), (b), (c), and (d), therefore, made provision for each and every class of physical disability to work. The statute, however, made no provision for an injury that did not produce disability to work. That was recognized in the case of Effie Boyer vs. Crescent Paper Box Factory, 143 La. 367, 78 South. 596, where the plaintiff had suffered the loss of her scalp. And probably it was the notoriety of her case that brought about the amendment of the law, so as to provide compensation for an injury producing a serious permanent disfigurement of the face or head, or a serious and permanent impairment of the usefulness of any member or physical function, without regard for disability to work.

Defendant contends, and the District Court had held, that the expression in the new paragraph of Section 8, "in cases not falling within any of the provisions already made,' refers to and excludes only the special provisions for the injuries specifically described in that sub-section. Plaintiff contends, and we think correctly, that the idea was to make a general provision for compensation to be allowed for serious permanent injury, 'in cases not falling within any of the provisions already made' in that or any other Sub-section of Section 8."

Counsel for defendants is under the impression that Sub-section (e) of Section 8 has not been passed on by the Supreme Court. In this he is in error as appears from the foregoing. Counsel's error is no doubt due to the fact that the clause now forming Sub-section (e) of Section 8 of the Act as amended by Act 43 of 1922 was formerly placed in Sub-section (d) by the amendment of 1916. The only issue presented here which has not been passed on by the Supreme Court is that presented by the clause, "the permanent total loss of the use of a member is equivalent to the amputation of a member," added to the compensation law by the Act of 1922. This is now placed in Sub-section (e) and this section plainly relates the injuries without regard to the loss of earning power as has been held in the Legeai case. Moreover,

in this case there was not a total loss of the use of a member. The plaintiff's hand, though injured in a manner to affect his earning capacity is not totally useless as counsel himself demonstrated and argued.

There is some testimony in the record concerning the advisability of plaintiff undergoing an operation, but nothing in the pleadings which suggests this defense, consequently, we must ignore the evidence. Some payments were made plaintiff by defendants and a credit has been allowed by the judgment, therefore, concerning the amount of which there is no dispute. .

From what has been said it follows that plaintiff's injuries must be classified as falling within the terms of Sub-section (c) of Section 8 of Act 20 of 1914, as amended and that he is entitled to compensation for the period of his disability, not, however, beyond 300 weeks.

For the reasons assigned, the judgment appealed from is amended so as to award plaintiff compensation at the rate of $18.00 per week during disability, not, however, beyond 300 weeks, and as thus amended, it is affirmed.