No. ——

First Circuit Appeal

---

R. A. DAVIS v. E. B. GILLIS

---

(June 30, 1925. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant —Par. 159, 159 (a).**

Where an employee's leg is injured so that he must use crutches to walk, he can recover for temporary total disability under Employers' Liability Act No. 20 of 1914, Sec. 8, Sub-sec. 1 (a) notwithstanding the provision in Section 8, Subsection 1 (b) which state that "The permanent total loss of the use of a member, shall be equivalent to the amputation of the member".

Appeal from the Twenty-sixth Judicial District, Parish of St. Tammany, Hon. Prentiss B. Carter, Judge.

This is a suit brought by the father for his minor son for compensation under Employers' Liability Act No. 20 of 1914.

There was judgment for plaintiff as prayed for and defendant appealed.

Judgment affirmed.

E. L. Morgan, of New Orleans, attorney for plaintiff, appellee.

B. M. Miller, of Bogalusa, attorney for defendant, appellant.

ELLIOTT, J. R. A. Davis, acting in behalf of his son Dan Davis, a minor, and for the use and benefit of his son brought suit for compensation against E. B. Gillis on account of injuries received by his son while in the employ of said Gillis. He claims $4.50 per week for a period of three hundred weeks counting from November 2, 1922; less 47 weeks received, basing his claim on Act No. 20 of 1914 (Amd. Act 43 of 1922), Clause I, Paragraph A, of Section 8, which reads:

"For injury producing temporary total disability to do work of any reasonable character, sixty per cent of wages during the period of disability, not, however, beyond three hundred weeks."

Defendant claims that the compensation in question should be fixed under Paragraph E, of said Section and if not, then, under Paragraph D, which provides that "the permanent total loss of the use of a member, shall be equivalent to the amputation of the member", and that Dan Davis having suffered the total loss of the use of his leg his compensation should be fixed at 175 weeks.

The district judge classed the injury under Clause I, Paragraph A, and allowed

compensation during the period of disability, not, however, beyond 300 weeks less 47 weeks received.

Defendant appealed.

The testimony shows that Dan Davis received his injury in the employ of defendant, Gillis, on November 2, 1922, and that it consists of a compound fracture of the leg just below the knee; that his leg has been shortened by the injury, crooked 40 or 50 per cent, made stiff at the knee and that his leg cannot be straightened. He can hobble about on one foot a little; that he can just reach the ground with one toe of his foot on his injured leg, and cannot walk without crutches. His father, R. A. Davis, testifies that his condition is worse than if the leg had been taken off, because he could then use an artificial leg that would go to the ground; that he has not been able to secure employment since his injury, etc. We have considered the evidence. The case was not tried until December 8, 1924, more than two years after the injury. His injury seems to be permanent and total and so far he has not been able to do work of any reasonable character; yet it may not and should not prove a total disability; there are fields of endeavor open to him, but not at present and the evidence does not indicate when his disability to do work of any reasonable character will terminate. He will have to make other arrangements for work and it may take a long time to qualify him for his new employment.

It is not at all clear that it would be better to amputate his leg, it may prove to be of service under future treatment; the only question is whether the injury comes under the class denominated as temporary total disability to do work of any reasonable character and we find that it does and that the situation has continued and continues as above stated. The cases Mack vs Legeai, 144 La. 1017, 81 South. 694; Garr vs. Wyatt Lumber Co., 147 La. 689, 85 South. 640, appear to be based on similar situations.

The judgment appealed from appears to us to be correct.

Judgment affirmed.

Defendant and appellant to pay the cost in both courts.