FISHER v. PFEIFER & COMPANY

(June 7, 1926, Opinion and Decree)

*(Syllabus by the Court.)*

1. Louisiana Digest—Evidence—Par. 349, 351.

Where the evidence of a fact is not conclusive but leaves no other hypothesis it will be considered sufficient to establish the fact.

2. Louisiana Digest—Master and Servant —Par. 154.

Section 8 (e), page 400, of Act 216 of 1924 amending the Workmen's Compensation Act 20 of 1914 applies only to cases not falling within any of the provisions already made in the section under Sections (a), (b) and (c), and to the cases specially mentioned in Section (e).

Appeal from Civil District Court, Hon. E. K. Skinner, Judge.

Action by Jacob Fisher, for the use of minor Moise Fisher against S. Pfeifer and Company. There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Feitel and Feitel, of New Orleans, attorneys for plaintiff, appellee.

Edward Rightor and E. V. Parham, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. This is a suit under the Employers' Liability Act.

The plaintiff, suing for the use of his minor son, Moise Fisher, age 14, alleged that on November 10, 1924, while his said son was in the employ of the defendants and in the course of his employment and while descending a spiral staircase in the building of the defendant company at 431 Poydras street, his said son slipped and fell down the stairway and received serious injuries; that he was immediately placed by the Employers' Liability Insurance Corporation, defendant's insurer, under the care of their physician Dr. Battalora, who is still attending to him; that he had several weak spells and on December 27th, fell in Lafayette Square and was taken home in a cab; that on January 5, 1925, an x-ray picture disclosed that Moise Fisher's left hip was fractured; that his left leg was in a plaster cast for about eight weeks, and he was put in a rolling chair for about one month and on crutches for about two weeks; that he returned to work on April 27th though limping and suffering; that at the time of the accident Moise Fisher was earning eight dollars a week; that he was entitled to be paid 65% thereof or $5.20 from November 10, 1924, to April 27, 1925, or 24 weeks at $5.20 or $124.80; that his left leg is permanently impaired and shorter than the right leg and that he is entitled to compen-

sation therefor at the same rate for 100 weeks or $520; that Jacob Fisher has received the following bills occasioned by the accident to his son, Moise Fisher, viz:

| | |
|---|---|
| Doctor to April, 1925 | $140.00 |
| Touro Infirmary room | 9.00 |
| Invalid chair | 6.50 |
| Drugs | 5.30 |
| Ether | 10.00 |
| Touro operations, etc. | 40.00 |
| | $210.80 |

| | |
|---|---|
| He prays for judgment for his son for 24 weeks | $124.80 |
| For 100 weeks | 520.00 |
| For medical expenses | 210.80 |
| | $855.60 |

The defendants admitted that plaintiff, Moise Fisher, while in their employ met with an accident as alleged, but that his injuries consisted merely of bruises and a laceration of the ligament of his right knee, they admitted that Moise Fisher returned to work on April 27th and has continued to work ever since; they admit that at the time of the accident Moise Fisher was earning $8 a week; further answering defendants allege that on December 27, 1924, Moise Fisher while crossing Lafayette Square, on his way home, fell and fractured his left hip. They deny all the other allegations of the petition.

The plaintiff amended his petition by alleging that the defendants were engaged in the wholesale grocery business and conduct warehouses; that Moise Fisher was employed as an errand boy and collector; that defendants paid Moise Fisher his weekly wages during the time he failed to work up to April 27th and furnished a doctor and paid for the x-ray and other medical expenses, and he reduces his claim to $730.80.

The defendants denied that they conducted a warehouse business or that Moise Fisher's duties required him to go into places of danger.

The plaintiffs (defendants) then waived defenses that the employment of Moise Fisher was not hazardous within the Employer's Liability Act or that it was not covered by that Act.

There was judgment in favor of plaintiff and defendant has appealed.

The admission made by plaintiff that the defendants had paid the injured boy the whole of his salary from the time of his first accident on November 10, 1924, to April 27, 1925, reduces plaintiff's claim to $210.80 for doctor's bills and other charges and to the compensation claimed by plaintiff under Section 8 of Act 216 of 1924 for $520.

These claims are denied by the defendants on the ground that they did not result from the accident of November 10th. A reading of the testimony satisfies us that they did. From that day on the injured boy complained of his hip. On December 27th while crossing Lafayette Square he collapsed, fell to the ground, was unable to rise, was carried to his house in a cab, was put to bed in intense suffering, was subjected to an examination by an x-ray, when the true cause of his suffering from November 10th was discovered in a fractured hip bone. There was no other possible suggestion of the injury to the hip except his previous fall.

Under those conditions his fall must be attributed to the injury he received in the stairway, and the broken hip a consequence of that fall. Where the evidence of a fact is not conclusive but leaves no other hypothesis it will be considered sufficient. Dixon vs. Pittsburg, & G. Lumber Co., 52 La. Ann. 1109; 7784 Ct. App; 13 Orl. App. 374; 10 Orl. App. 284; Boynton

vs. Equitable Life Assur. Soc., 105 La. 202, 29 South. 490; Buechener vs. City of New Orleans, 112 La. 599, 36 South. 603; Castille vs. Cormier, 144 La. 640, 81 South. 210.

At the bottom of page 402 of Act 216 of 1924, S. 5, reads as follows:

(5) "The employer shall in every case coming under this Act furnish the employee reasonable medical, surgical and hospital services and medicines not to exceed $250 in value."

The charge of $210.80 is proven.

But we are of the opinion that plaintiff's injuries are not covered by Section 8 (e), p. 400. This section reads as follows:

"In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a member or any physical function is seriously permanently impaired, the court may allow such compensation as is reasonable in proportion to the compensation' hereinabove specially provided in cases of specific disability above named, not to exceed 65 per cent of wages during 100 weeks."

It cannot be said that plaintiff's case does not fall within any of the provisions already previously made in Section 8, S. (a) provides for injury producing temporary total disability to do work of any reasonable character. S. (b) for injury producing permanent total disability, and S. (c) for injury producing partial disability.

Plaintiff's injury certainly was covered by one of those paragraphs and we believe by S. (a) "temporary total disability" from November 10th to April 27th for which he has been paid in full by his employer, Mack vs. Leglai, 144 La. 1017, 81 South. 694. He is not disfigured and the "usefulness of a member or any physi-

cal function is not seriously permanently impaired".

Dr. Battalora testifies:

"I do not consider it (his left leg) seriously, permanently impaired."

The boy, Moise Fisher, testifies:

"Q. What is your condition right now with reference to your ability to work, how do you feel?
"A. I can't do much walking or running or anything, as when I do much walking I have to sit down, my leg hurts.
"Q. Do you walk in your regular walk or do you walk any other way?
"A. I walk with a little limp, not much."

The boy's father testifies:

"Q. What is his present condition?
"A. It's almost normal now. It's not exactly normal yet, either.
"Q. You notice how he walks?
"A. He has a little limp in the morning when he gets up from laying in bed.
"Q. You ever hear him say anything as to his present feelings?
"A. No, sir."

Moise Fisher testified that he was "at this time and have been since April 27th working for S. Pfeifer and Co. doing the same work, and has been paid his full salary each week.

It thus appears that the boy, Moise, was employed and paid from the date of the accident, November 10, 1924, to the day of the trial, June, 1925.

It cannot therefore be said that his physical function is seriously permanently impaired.

There is no evidence that one leg is shorter than the other; that he will not be able to continue to work and earn a salary. He is therefore not entitled to wages under the Employer's Liability Act. Mack vs. Leglai, 144 La. 1017, 81 South.

694; Garr vs. Wyatt Lbr. Co., 147 La. 689, 85 South. 640; Craft vs. Gulf Lbr. Co., 151 La. 281, 91 South. 736; Quane vs. Latt-Batson Lbr. Co., 151 La. 1052, 92 South. 678.

It is therefore ordered that the judgment herein be reduced from seven hundred and thirty 80-100 dollars to two hundred and ten 80-100 dollars with five per cent per annum interest from May 22, 1925, till paid, and as thus amended that it be affirmed, defendant to pay costs in both courts.