Plaintiff, a colored man, was injured on January 10th, 1941, when he was struck on the left eye by a piece of wood thrown out by a revolving saw which was being operated by him in the performance of his duties as an employee of New Orleans Furniture Manufacturing Company. As a result of the accident, he was temporarily disabled from performing work for a period of 13 weeks, for which he was compensated by his employer.
Long after his employer had ceased the payment of weekly compensation, plaintiff brought the present suit to recover additional compensation, claiming that the vision of his left eye had been impaired to such an extent that he was permanently totally disabled to do work of a reasonable character and that, therefore, he was entitled to receive 65% of his weekly wage for 400 weeks. Alternatively, he asserted that, in the event the court found that he was not permanently disabled, then he should be awarded the specific benefit payable under subparagraphs 9 and 14 of paragraph (d) of subsection 1 of section 8 of the Employers' Liability Act (Act No. 20 of 1914 as amended), for the permanent loss of vision of his eye and also under subparagraph 16 of paragraph (d) of the same section because the eye injury (enlargement of the pupil) constituted a serious facial disfigurement. He joined, as parties defendant to the suit, his former employer, New Orleans Furniture Manufacturing Company and its compensation insurance carrier, Aetna Casualty Surety Company.
In due course, the defendants filed answer denying that plaintiff was entitled to recover the compensation sought, or any part thereof, and set forth that plaintiff's disability did not continue for a period in excess of 13 weeks from the date of the accident. They further averred that, as a *Page 848 
matter of fact, plaintiff has been, and still is, engaged in gainful employment for another concern at a larger wage than he had previously earned.
When the case came to trial on the issues thus presented, counsel for plaintiff abandoned all claims against defendants for compensation which had been asserted on the theory that plaintiff was either totally permanently disabled, or partially totally disabled from performing work of a reasonable character and, thus, limited the relief sought to a consideration of the contentions that the vision of plaintiff's left eye had been totally or partially permanently impaired as a result of the accident and whether the enlargement of the pupil of that eye constituted a facial disfigurement within the meaning of subparagraph 16 of paragraph (d) of subsection 1 of section 8 of the Compensation Act.
After hearing evidence on these issues, the trial judge awarded plaintiff compensation in the sum of $678.60, which represents 65% of his weekly wages for 100 weeks, less credit of $101.40 already paid by the furniture company. This award, according to the written reasons of the district judge, is founded on the view that the enlargement of the pupil of plaintiff's left eye constitutes a serious facial disfigurement which is compensable under subparagraph 16 of paragraph (d) of subsection 1 of section 8 of the Act. However, in the decree of the court, it is stated that the reasons for the allowance are that plaintiff has lost the sight of his left eye and, in addition, is permanently disfigured.
On this appeal, which has been taken by defendants from the adverse decision, much controversy has arisen respecting the grounds upon which the award was granted. Counsel for defendants maintain that the written reasons given by the judge show that he predicated his decision solely on the ground that the enlargement of the pupil of plaintiff's left eye has marred his appearance and constitutes a serious facial disfigurement. Contra, counsel for plaintiff says that, since the judgment itself states that the award is given for the loss of vision in the left eye as well as the facial disfigurement, all questions concerning the correctness of the decision are presented for our consideration.
We find it unimportant to determine whether the judge was of the view that plaintiff was entitled to the additional award of compensation on both grounds or not, for the reason that it is plain to us that recovery for the alleged facial disfigurement cannot be legally allowed, if plaintiff is entitled to receive the compensation prescribed by either subparagraphs 9 and 14 or 15 of paragraph (d) of subsection 1 of section 8 of the Act which provide for the payment of specific compensation for the loss of an eye or for the loss of its use or for the partial loss of its use whether such loss results in disability to perform work or not.
Subparagraph 16 of paragraph (d) of subsection 1 of section 8 of the Act as amended by Act No. 242 of 1928 provides: "In cases not falling within any of the provisions already made where the employee is seriously permanently disfigured about the face or head or where the usefulness of a physical function is seriously permanently impaired, the Court may allow such compensation as is reasonable and as is in proportion to the compensation hereinabove specifically provided in cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks."
Our Supreme Court has interpreted the above quoted paragraph on many occasions and it has been uniformly held that recovery cannot be permitted under it in any case where the injury is compensable under other provisions of section 8. Thus, in Rodriguez v. Standard Oil Co., 166 La. 332, 117 So. 269, 270, where it was found that the Court of Appeal for the First Circuit had erred in allowing plaintiff to recover under the foregoing paragraph, the Court said: "We cannot reconcile the decision of the Court of Appeal, in this case, with the decisions rendered by this court in the following cases, maintaining that the provisions of subsection (e) of section 8 of the statute, allowing compensation for a serious and permanent disfigurement about the face or head, or for a serious and permanent impairment of the usefulness of any member or physical function, are not applicable to an injury for which compensation is specifically provided for elsewhere in the statute, viz.: Mack v. Legeai,144 La. 1017, 81 So. 694; Garr v. Wyatt Lumber Co., 147 La. 689, 85 So. 640; Bell v. Merchants' Cotton Oil Co., 160 La. 585,107 So. 436; Black v. Louisiana Central Lumber Co., 161 La. 889,109 So. 538; James v. Spence Goldstein, 161 La. 1108, 109 So. 917; and Odom v. Atlantic Oil Producing Co., 162 La. 556, 110 So. 754." *Page 849 
In the case at bar, plaintiff contends that he is entitled to recover the specific benefits provided for by subparagraphs 9, 14 and 15 of paragraph (d) of subsection 1 of section 8 of the Act. Therefore, if the evidence sustains a recovery under any one of those provisions, he cannot receive the compensation payable under subparagraph 16 of paragraph (d) of subsection 1 of section 8.
The evidence submitted at the trial reveals that the injury to plaintiff's left eye has caused the pupil to become considerably enlarged (about twice its normal size); that the retina cannot be contracted or expanded and that this condition is permanent. Six expert eye specialists gave their opinions with respect to the effect of the accident on plaintiff's vision. Dr. Charles A. Bahn stated, in substance, that there is paleness and atrophy of the optic nerve; that plaintiff's vision is presently impaired to the extent of 30% of normal; that this impairment will probably increase and that it is entirely possible that plaintiff will become industrially blind in his left eye within five years. The opinion of Dr. Bahn with respect to the paleness and atrophy of the optic nerve of plaintiff's eye is corroborated by Drs. Rosenthal, Meyer and Tuman.
On the other hand, Dr. Henry N. Blum, testifying for the defendants, stated that, while there is paleness of the optic nerve, there is no atrophy and that plaintiff's vision is not impaired to any great extent. He further says that any slight impairment of vision can be readily corrected by the use of glasses.
Dr. William B. Clark, who also testified for the defendants, denied that there was either paleness or atrophy of the optic nerve and stated that plaintiff's vision is normal.
In view of the conflicting opinions of the medical experts, it is impossible to determine with certainty which view is correct. However, since the opinion of Dr. Bahn is confirmed by three other experts, whereas defendants' doctors are only two in number, we hold that plaintiff's evidence concerning the condition of his eye authorizes the conclusion that his vision is presently impaired as a consequence of the accident. This was evidently the view of the district judge as he indicated in his decree that the impairment of plaintiff's vision was one of the grounds upon which the allowance was based.
Therefore, since we find that plaintiff is entitled to be compensated under one of the specific provisions of section 8 of the Act for a specific disability, subparagraph 16 of paragraph (d) is inapplicable. However, the question remains as to the amount of compensation to be awarded. The contention of counsel for plaintiff is that, inasmuch as Dr. Bahn voices the opinion that the optic nerve of plaintiff's left eye is affected and that it is possible that he will become industrially blind in five years, recovery should be permitted under subparagraph 14 of paragraph (d) of subsection 1 of section 8 of the Act, which provides that a permanent total loss of the use of a member is equivalent to the amputation thereof.
The difficulty we find with this argument is that neither Dr. Bahn nor the physicians corroborating him are of the opinion that plaintiff had lost complete vision of his left eye at the time of the trial. On the contrary, Dr. Bahn says that the vision of the injured member is partially affected only and that the impairment is not over 30%. His statement that this condition will become worse and that it is possible that plaintiff will lose the vision of his left eye completely within the next five years is a mere speculation which is too uncertain to form the basis for a judgment permitting recovery for total permanent loss of use of an eye under subparagraph 14 of paragraph (d) of subsection 1 of section 8 of the Act. On the other hand, his evidence that the plaintiff's vision in his left eye is partially permanently impaired to the extent of 30% places the case squarely within the provisions of subparagraph 15 of paragraph 9 of subsection 1 of section 8 of the Act which declares that, in all cases involving a permanent partial loss of the use of function of a member, compensation shall bear such proportion to the amounts named in the Act for the total loss of such member as the disability to such member bears to said total loss. By applying these provisions to the facts of the instant case, plaintiff would be entitled (since he has a 30% impairment of vision) to 30% of 65% of his weekly wages for 100 weeks. However, inasmuch as 30% of the percentage allowable of his weekly wages amounts to less than $3 per week, he is entitled to receive the minimum compensation of $3 provided for by subsection 3 of section 8 of the Act for 100 weeks. See Stephens v. Catalano, La.App., 7 So.2d 380. *Page 850 
Although we find it necessary to reduce the amount of the judgment appealed from, we do not believe that the circumstances of the case warrant the taxing of the costs of appeal against plaintiff.
For the reasons assigned the judgment appealed from is amended by reducing the amount of compensation payable thereunder to the sum of $300 subject to a credit of $101.40 which plaintiff has already received. As thus amended, the judgment is affirmed at the cost of the defendants.
Amended and affirmed.