On Application for Rehearing
PER CURIAM.
On application for rehearing counsel for defendant contends that the jurisprudence relied upon in our initial opinion conflicts with the following decisions of the Supreme Court: Mack v. Legeai, 144 La. 1017, 81 So. 694; Garr v. Wyatt Lumber Co., 147 La. 689, 85 So. 640; Rodriguez v. Standard Oil Co. of La., 166 La. 332, 117 So. 269; Bergeron v. New Amsterdam Casualty Company, 243 La. 108, 141 So.2d 832'. Our re-examination of the cited authorities,, however, reveals no conflict in the jurisprudence excepting with reference to the case of Kennedy v. Bayou Rapides Lumber Company, La.App., 25 So.2d 16, which authority we believe to be contrary to the provisions of LSA-R.S. 23:1223 and the decisions of the Supreme Court prior thereto. See our views on the Kennedy case, supra, in our discussion in Miller v. General Chemical Division, La.App., 128 So.2d 39. Since our decision in Miller v. General Chemical Division, supra, our colleagues of the Court of Appeal, Third Circuit, have cited the Kennedy case in Fruge v. Hub City Iron Works,. Inc., La.App., 131 So.2d 593, indicating that “the liability for payment of compensation-for disfigurement or impairment is independent of and in addition to any liability for temporary disability arising out of the-same accident.” (Emphasis added.) Also' cited in the Fruge case, supra, is the decision rendered in Francois v. Circle Drilling Company, La.App., 112 So.2d 771. Our consideration of the Fruge and Francois cases,, supra, reveals that neither actually follows-the Kennedy case with respect to the giving-of compensation for disfigurement or impairment in addition to compensation for temporary disability. We note that in both, the Fruge and Francois cases, supra, the-credit provisions of LSA-R.S. 23 :1223 were-given effect. Thus, in our judgment, the-Kennedy case still stands as the lone authority failing to apply the provisions of LSA-R.S. 23:1223.
For these reasons we delete from our original opinion all reference to Kennedy-v. Bayou Rapides Lumber Company, 25 So.. 2d 16.
We note in plaintiff’s application for rehearing other alleged errors which we do> not deem worthy of consideration.
Application for rehearing denied.