BAKER, J.
This is an action for compensation under the Employers’ Liability Act, Act 20 of 1914, as amended by Act 243 of 1916, by Act 38 of 1918, and by Act 247 of 1920. The suit was brought by Randolph Quave, tutor, for the use and benefit of his minor son, Melvin Quave, who was injured in an accident while employed in the sawmill of R. A. Lott and O. A. Batson, doing business in the name of the Lott-Batson Lumber Company. Plaintiff’s demand was not for a judgment against the firm or partnership, but for a judgment against the members in solido.
The boy’s hand was caught in the machinery and mangled so that the second, third, and fourth finger, and the three metacarpal bones connecting them with the wrist, had to be amputated. All that was left of the hand was the index finger and the thumb and less than half of the metacarpus. The index finger was left stiff and deformed and useless.
Plaintiff demanded compensation at the rate of $4.50 a week for 290 weeks, and $250 for medical and surgical fees. The district court gave judgment for compensation at the rate of $4.17 a week for 150 weeks, plus $66.72. The record does not explain the allowance of $66.72, but does show that defendants paid for medical and surgical fees $46 more than the law required. On defendants’ appeal, the Court of Appeal reduced the period of compensation from 150 to 90 weeks. The case is before us on a writ of review.
[1] It is admitted that the rate of compensation allowed, $4.17 per week, is correct; that is, 60 per cent, of the weekly wages of $6.96. The case is governed by section 8 of the statute. Both courts allowed compensation for 20 weeks for each finger that was severed or amputated, and for 30 weeks for the loss of the index finger. To that extent the judgment is conceded by defendants to be in accord with subsection (d) of section 8 of the statute. The' dispute is over the extra 60 weeks of compensation, which the district court allowed for the loss of the metacarpal bones. The reason assigned by the Court of Appeal for rejecting this extra allowance was that it made the total compensation as much as the statute allowed for the loss of a hand. Our opinion is that the district judge’s ruling in that respect was correct. The statute makes it plain that the loss of a finger and part of the metacarpal bone is something worse than the loss of only a finger; for the statute declares that the loss of more than one phalanx of a thumb or more than two phalanges of a finger or toe shall be considered as the loss of the entire member — the thumb, finger, or toe, as the case may be. And the statute makes it plain that the compensation which it allows for the loss of a hand may, under proper circumstances, be allowed for an injury worse than the severing of a finger, but not so bad as the severing of the hand. All that the statute says in that respect is that the compensation allowed for an injury worse than the loss of a finger shall not exceed the compensation which the statute allows for the loss of a hand; that is, 60 per cent, of the wages for 150 weeks. We refer to the eleventh paragraph of subsection (d), subd. 1, § 8, of the statute, viz.:
“The loss of more than one phalanx of a thumb or more than two phalanges of any fingSr or toe shall be considered as the loss of the entire member; provided, however, that in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand, or the amount received for the loss of more than one toe exceed the amount provided in this schedule for the loss of a foot.”
The allowance of compensation for 60 weeks extra, for the loss of the major part of the metacarpus, is warranted by the provisions of subsection (e) of subdivision 1 of section 8 of the statute, viz.:
“In cases not falling within any of the provisions already made, * * * where the use *1055 fulness of a member or any physical function is seriously permanently impaired, the court may allow such compensation as is reasonable in proportion to the compensation hereinabove specifically provided in the cases of specific disability above named not to exceed 60 per centum of wages during one hundred weeks.”
[2] That subsection also warrants the allowance of compensation for the deformity and uselessness of the index finger, which was not actually severed or amputated.
Defendants set up a reconventional demand for $46, which was rejected by the district court and by the Court of Appeal. As there is no complaint of the judgment in that respect, we assume that the defendants have abandoned the claim. It was for the excess of medical and surgical fees paid by defendants, over and above the amount which the statute required them to pay. The statute fixes the maximum that shall be paid, but does not provide that any excess paid by the employer shall be deducted from the weekly compensation, without the consent of the injured employee.
The judgment of the Court of Appeal is annulled, and it is now ordered, adjudged, and decreed that plaintiff, Randolph Quave, as tutor and for the use and benefit of the minor Melvin Quave, recover of and from the defendants, R. A. Lott and C. A. Batson, in solido, compensation at the rate of $4.17 a week, for the period of 150 weeks, payable in weekly installments, commencing on the 14th of April, 1921; all installments due on or before the date of judicial demand, the 7th of June, 1921, to bear interest at 5 per cent, per annum from that date, and each subsequent installment to bear interest at 5 per cent, from the date when it fell due; all installments past due when this decree shall become final' shall then be collectible. Defendants are to pay all costs.
Rehearing refused by Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.