(97 South. 349)

No. 25970.

### DELANEY v. FERD. BRENNER LUMBER CO.

### In re DELANEY.

(July 11, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Master and servant ⬤═385(16)—Provision for deduction of "voluntary payments" from compensation does not include payments for medical and hospital services.**

Workmen's Compensation Act, § 8, par. 6, providing for deduction from compensation of voluntary payments made by employer or insurer, covers only advances made to injured party or his dependents and not advances to third persons for medical, surgical, and hospital services.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Voluntary Payment.]

**2. Master and servant ⬤═385(17)—Deduction of excess payment by employer for medical and hospital services not authorized.**

Neither Workmen's Compensation Act, § 8, par. 5, requiring employer to furnish medical, surgical, and hospital services and medicines not exceeding $150 in value, nor any other provision, authorizes deduction from compensation of any excess paid without employee's consent.

**3. Master and servant ⬤═385(17)—Employer or insurer not entitled to reimbursement for excess payments without employee's consent.**

Employer or insurer making payments for medical, surgical, and hospital services in excess of those required by Workmen's Compensation Act, § 8, par. 5, must obtain employee's express consent, in order to be entitled to reimbursement.

Action under the Employers' Liability Act by John W. Delaney against the Ferd. Brenner Lumber Company. A judgment for defendant was reversed by the Court of Appeal, and compensation awarded in an insufficient amount, and plaintiff applies for certiorari or writ of review. Judgment amended and affirmed.

Julius T. Long, of Shreveport, for relator.

Thornton, Gist & Richey, of Alexandria, for respondent.

ROGERS, J. This is an action for compensation under the Employers' Liability Act (Act No. 20 of 1914). Plaintiff, averring permanent total disability, sued for compensation at the rate of $18 per week; being 60 per cent. of his weekly wages for 400 weeks. The district court rejected his demand. On appeal, the Court of Appeal reversed the judgment of the district court, and awarded plaintiff compensation as prayed for, but allowed defendant a credit on said judgment in the sum of $543.87 for excess medical and surgical services. Under a writ of review, plaintiff is before this court asking that the allowance made be stricken from said judgment, and that, as thus amended, the judgment be sustained.

Counsel for defendant argued in the district court and in the Court of Appeal that, as the payments for the excess medical and surgical services were voluntary payments made by the employer, or his insurer, they were recoverable in the discretion of the court, under paragraph 6 of section 8 of the Compensation Act (Act 247 of 1920, p. 473).

The Court of Appeal, in its opinion, held that even if the section of the law relied on does not authorize the deduction, there is nothing in the statute to forbid it, and, influenced by the equitable considerations of the case, rendered its judgment allowing defendant credit for the excess medical and surgical expenses paid.

[1, 2] The "voluntary payments," referred to in the quoted section of the act, are payments made direct to the injured party himself or to his dependents, and not payments made for their account to a third party, and are intended to cover only such advances as might be made, from time to time, for their sustenance. The paragraph does not embrace advances for medical, surgical, and hospital services, which are provided for by the preceding paragraph (paragraph 5 of section 8, p. 473 of Act No. 247 of 1920). This provision of the law fixes the maximum that shall be paid by the employer, but it does not, nor does any other provision of the statute, authorize the deduction of any excess paid without the consent of the employee. Quave v. Lott-Batson Lumber Co., 151 La. 1054, 92 South. 678.

[3] Counsel for defendant urge that to hold the employer, or his insurer, strictly to the amount provided by the statute for medical, surgical, and hospital services would, in many cases, work a hardship and operate injuriously to the employee himself by requiring the cessation of said services when the allotted amount became exhausted. The remedy in such cases is for the employer, or his insurer, to obtain the express consent of the employee before incurring excessive charges in his behalf.

If the employer, or his insurer, could be permitted to impose upon the employee, without his consent, extraordinary or heavy medical, surgical, and hospital expenses, which might or might not be beneficial to him, it might well happen that such expenses and charges would consume a large part, if not all, of the compensation to which the employee is entitled.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the Court of Appeal be, and it is hereby, amended by striking out that part of said judgment allowing defendant a reduction of

$543.87 for medical, surgical, and hospital expenses, which deduction is hereby disallowed, and that, as amended, the said judgment be affirmed; defendant to pay all costs.