No. 14,957
First Circuit Appeal.

**BENJAMIN STANSBURY v. THE TEXAS COMPANY AND UNITED STATES FIDELITY & GUARANTY COMPANY**

(Jan. 21, 1925, Opinion and Decree.)
(March 3, 1925, Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant—Par. 159, 159(a).**

An injured employee suing under Section 8 Sub-section 1 (e) of the Employers' Liability Act No. 20 of 1914 amended by Act 38, 1918, where the usefulness of a member or physical function has been seriously permanently impaired can recover regardless of whether the injured employee can resume work of a reasonable character or not.

2. **Louisiana Digest—Master and Servant—Par 159, 159(a).**

An injured employee suing under Section 8 Sub-Section 1 (e) of the Employers' Liability Act No. 20 of 1914 amended by Act 38 of 1918, where the usefulness of a member or physical function has been seriously permanently impaired can recover even though the injured employee may be earning a larger wage at the time of the trial than he did at the time of the accident.

3. **Louisiana Digest—Master and Servant—Par. 154, 159 (a).**

Section 8 Sub-section 1 (e) of Act No. 20 of 1914 applies where the usefulness of any member or any physical function has been seriously permanently impaired, and consequently Section 8 Sub-section 1 (a) of the Employers' Liability Act No. 20 of 1914 as amended by Act 38 of 1918 has no application to such a case.

(The present amendment of Section 8 of Act 20 of 1914 is Act 216 of 1924.)

Appeal from the Twenty-third Judicial District Court, Parish of St. Mary, Hon. James Simon, Judge.

This is a suit under the Employers' Liability Act No. 20 of 1914 brought by an in-

jured employee to recover compensation. There was judgment for defendant and plaintiff appealed.

Judgment reversed.

C. J. Boatner, of Franklin, attorney for plaintiff, appellant. .

Paul Krainer, of Franklin, attorney for defendant, appellee.

ELLIOTT, J.   Plaintiff, Benjamin Stansbury in the employ of The Texas Company on August 16, 1919, fell from a line shaft and suffered serious injury to his right leg. He received compensation for 20 weeks amounting to $180.00 on account of his temporary total disability as provided by the law, paragraph (a) Sec. 8 Act 20 of 1914 (Amd. Act 38 of 1918) in force at the time.   He claims in this suit that the usefulness of his leg is seriously permanently impaired and that he is therefore entitled under the law, paragraph (e) of said Section 8, additional compensation for 80 weeks at $9.90 per week amounting in the aggregate to $792.00.

The defendants, The Texas Company and United States Fidelity & Guaranty Co., in their answer deny that plaintiff is entitled to the additional compensation claimed. The district judge after trial rendered judgment in favor of the defendants rejecting plaintiff's demand.

Plaintiff has appealed.   The district judge did not state his reasons for the judgment rendered, but we conclude from the note of testimony that he did so for the reason, the plaintiff after being injured, returned to work and is able to walk about and earn as much as he did before he was injured, in fact more, because the evidence shows that he was receiving at the time of the trial larger wages than he had received previous thereto, but not in the same kind of work.

The plaintiff contends that his demand was refused because he had resumed work and was receiving wages as above stated. The defendants contend that the usefulness of plaintiff's leg has not been seriously permanently impaired, that plaintiff has resumed work and has earned wages as above stated that the judgment appealed from is therefore correct, etc.

The paragraph (e) provides:   "In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head or where the usefulness of a member or any physical function is seriously permanently impaired, the court may allow such compensation as is reasonably in proportion to the compensation hereinabove specifically provided in the cases of specific disabilities above named, not to exceed 55% of wages during 100 weeks, etc."

Defendants contend that plaintiff's injury comes within the provisions of paragraph (a) of the Section 8 which provides, "for injury producing temporary total disability to do work of any reasonable character 55% of wages during the period of disability not however beyond 300 weeks, etc."   And that plaintiff having received his compensation recovered ability to do and resumed work of reasonable character; that they are therefore discharged from further liability, etc.

The facts of the case are not disputed as to material points.   The bones of plaintiff's leg have not and never will knit, but overlap on 2 sides with the result that his injured leg is from 1½ to 2 inches shorter than the other and will always remain the same.   The physicians speak of his injury as, "both lateral and antero-posterior displacement".   One of them, Dr. Crawford, says that the usefulness of plaintiff's leg has been seriously permanently impaired. Plaintiff, corroborated by Dr. Crawford, says that certain kinds of work that he formerly could do, now tires him and if continued, hurts him to the extent that after short

periods of work he is compelled to resume a sitting posture. There can be no doubt about it. It is evident from the testimony that while plaintiff can do work of a certain kind as well as he ever could, he can not perform the service for the same length of time, without resting his injured leg and will always be incapacitated to a certain extent and some things that he formerly did, he can not safely do any more.

The paragraph (a) depended on by defendant applies to temporary total disabilities. The paragraph (e) applies "where the usefulness of a member, or any physical function is seriously permanently impaired, etc."

The evidence shows that this plaintiff was temporarily totally disabled and that same has been followed by a serious permanent impairment of the usefulness of his right leg. The law paragraph (e) for applicability, does not depend on earning capacity but the question is whether "the usefulness of any member or any physical function has been seriously permanently impaired, etc." Consequently the fact that plaintiff is able to resume work of reasonable character and is earning wages as large as he earned previous to his injury; in fact at the time of the trial was earning larger wages, does not take away his right to recover the compensation claimed. The case Quave vs. Batson-Lott Lumber Co., 151 La. 1052, 92 South. 678, appears to be applicable in principle. In that case the injured party lost a finger bone and another one was permanently stiffened. See also Mack vs. Legeai, 144 La. 1017, 81 South. 694. Under the law and the evidence plaintiff is entitled to recover the additional compensation claimed. The judgment appealed is therefore erroneous.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and set aside and it is now ordered, adjudged and decreed that plaintiff, Benjamin Stansbury, have and recover judgment against the defendants The Texas Company and United States Fidelity & Guaranty Co., in solido, the sum of seven hundred and ninety-two dollars payable weekly, the weekly payments to be computed from the week ending January 8, 1920, and to continue from thence for a period of 80 weeks; each weekly payment to draw legal interest from the time it was due until paid; that the defendants and appellees pay the cost in both courts.