No. 1966
Second Circuit Appeal

TOM PAINICH v. JOE TURK ET AL

(May 9, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**
The opinion of the trial judge on matters of fact, unless clearly erroneous, are not disturbed on appeal.

Appeal from Fourth Judicial District Court of Louisiana, Parish of Union, Hon. F. X. Ransdell, Judge.

This is a suit to collect money alleged loaned. There was also an attachment.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

H. G. Fields, of Farmerville, attorney for plaintiff, appellee.

Elder & Digby, of Ruston, attorneys for defendant, appellant.

CARVER, J.   Plaintiff sues Joe and Phillip Turk for $200.00, the amount of an alleged loan made to them by him. He also under appropriate averments, sued out a writ of attachment under which the sheriff seized certain staves belonging to the defendant, Joe Turk.

Phillip Turk denies being indebted to plaintiff and from a judgment in his favor plaintiff does not appeal.

The defence of Joe Turk is that he got the $200.00 from plaintiff not as a

loan but as an advance payment on 35,000 staves which he alleges he agreed to sell and plaintiff to buy at the price of $145.00, per 1000.

Alleging plaintiff's refusal to comply with the contract to buy the staves and his own subsequent sale of them at a loss of $25.00 per 1000, he reconvened for $875.00, his loss by reason of plaintiff's alleged breach of contract.

The plaintiff testified that in the year 1921 he loaned $200.00, the loan being made, as he thought, to both defendants whom he considered partners. He denies agreeing to buy any staves from defendant.

Joe Turk testifies (page 11) that plaintiff did agree to buy between thirty and thirty-five thousand staves at $145.00 per 1000.

Neither side is corroborated by any witness, but plaintiff introduced a postal card and a letter purporting to have been written by Joe Turk in the Slavonic language which the plaintiff translated as follows:

Postal card dated December 8, 1922, as follows:

"We not sell staves yet. When we sell them I give you $100.00, next hundred wait me for six months."

The letter, dated December 12, 1922, he translated as follows:

"I get your letter and notes and send your notes back. Why you don't makes notes as we were speaking? One of them for $100.00, another one for $100.00 for six months not both of them at one time. I am selling staves, can't get a car for loading. Yours truly, Joe Turk. If you want to talk with me on the telephone, come to Star Hotel at 1 o'clock, I ring you."

Defendant denies writing or authorizing the postal card. He admits authorizing the writing of the letter. He states that plain-

tiff's translation of the letter is not correct, but when asked to translate it himself said he was unable to do so, though he says it starts out "Dear Sir, You say I loan you some money".

He further says (page 13):

"I wrote him what for he sent them two notes."

"Q. Didn't you say I am selling my staves?

"A. No, sir, I didn't say nothing about that.

"Q. Right here on the 9th line of the letter at the end of the line are not those two words hundred dollars? .

"A. Yes, sir.

"Q. Don't you offer him there to pay $100.00 and give a note for the balance in six months?

"A. No, sir.

"Q. Doesn't that mean six months?

"A. No, sir.

"Q. What does it mean?

"A. I can't explain it.

* * *

"Q. Did you read in the letter anything about paying him $100.00 and in six months another $100.00?

"A. No, sir. In that letter I received one note for $100.00, and one for $100.00 and this note I sent it back to him, that is all there is in the letter I no sign the note.

"Q. And that is what those figures mean, you sent the note back?

"A. Yes, sir.

"Q. When Tom Painich was translating this stuff and when he said both in the card and in the letter that you were willing to sign the note for $100.00 and one in six months, do those letters say anything like that in Slavonic?

"A. No, sir. All this letter say I received two notes and send back to you, I didn't sign it.

"Q. When he interpreted to the court that you had said that in Slavonic was there any such thing in the card or the letter?

"A. No, sir. The letter is like I told you.

"Q. I thought you said you couldn't explain these letters to the court?

"A. I could explain to you like Mr. Elder.

"Q. But you only explained to Mr. Elder after he said that is what it means?

"A. I couldn't explain, I couldn't pronounce the words.

"Q. Will you please state what you mean when you tell Mr. Elder that you can't tell him what a particular word is in the American language?

"A. I can't tell exactly. Can tell him little, but can't tell exactly.

"Q. You can give a general idea of what is in the letter? What the letter means?

"A. That is all that mean I received two notes.

"Q. Is it not a fact that you don't want to tell all there is in that letter?

"A. I told all what is in that letter, what is all I know.

"Q. That whole letter only says what you say then?

"A. Yes, sir."

He further testifies, (page 8) that he had been in this country (meaning America) eleven years, coming from Alabama to Louisiana; that he only talked English in Alabama, and knew no language except English and Slavonic and had been to school four years in Slavonia.

The District Judge evidently believed that the $200.00 was a loan and not an advance payment on a purchase of staves, and we cannot say he manifestly erred.

The record shows that the defendant, Joe Turk, at the time the attachment was sued out, had a lot of staves on the right-of-way ready to be shipped out and that he was going to ship them. It also shows that he borrowed money from a bank and it is admitted that he gave a chattel mortgage, though the admission does not state what the mortgage was on.

In view of the fact that defendant denied owing the debt sued on, we think this mortgage and his preparations for shipping the staves showed an intention to defraud plaintiff and that the attachment was justified. Code of Practice, 240. The District Judge so held, giving judgment in favor of plaintiff for $200.00 with interest and sustaining the attachment. This judgment being correct in our opinion, is affirmed.