## NICHOLS v. TALL TIMBER LUMBER CO. OF LOUISIANA, Inc.*

### No. 4380.

Court of Appeal of Louisiana.
Second Circuit.
Feb. 6, 1933.

White, Holloman & White, of Alexandria, for appellant.

Julius T. Long, of Shreveport, for appellee.

MILLS, J.

The only question in this case, brought under the Workmen's Compensation Act (Act No. 20 of 1914, as amended), is whether or not the defendant, Tall Timber Lumber Com-

*Rehearing denied March 10, 1933.

pany, can offset compensation due plaintiff, Christopher C. Nichols, with the sum of $675.75 paid by them for medical and hospital expenses, in excess of the $250 allowed by the act.

Plaintiff, while working for defendant company on April 9, 1929, suffered a serious injury to his knee, entitling him to compensation for 175 weeks, at $9.75 per week, in all $1,706.25. Of this amount, $1,014 has been paid and $20.50 tendered and refused, leaving a balance of $675.75 sought to be offset, as above stated.

The evidence establishes that the charges are reasonable and reasonably necessary and beneficial to plaintiff.

Dr. Kittrell, the company physician in charge of the case, states that after being sent to the Baptist Hospital, at Alexandria, and treated by Dr. Peters, plaintiff was still incapacitated; that Nichols himself brought up the subject of being sent to Shreveport for further treatment by Dr. Caldwell; that he explained to him that if he went, the charges would exceed the $250 allowed by law, by several hundred dollars, and that this excess would be charged against his compensation; that plaintiff said he was willing to accept that agreement.

A. O. McIntyre, office manager of the defendant company, testified that when Nichols was sent to the Baptist Hospital, his condition was such that there was no discussion as to expense; that failing to improve, Nichols wanted to go to Shreveport for the extra treatment; that it was thoroughly explained to him that this treatment would cost more than the legal allowance of $250, and that the excess would be deducted from his compensation. The witness would not say that this was expressly agreed to, but did testify that plaintiff did not object.

G. C. Easley, office assistant for the lumber company, was present at the above conversation. He says that Mr. McIntyre told Nichols that the legal allowance of $250 had already been incurred and that any further medical expenses would be deducted from his compensation; and that plaintiff made no objection.

Plaintiff admits that he was told that all medical expenses, over $250, would be deducted from his compensation, but claims that his only answer was that he knew nothing about the law and that he did not agree to this deduction; that he was told by Dr. Kittrell that he need not worry about the bill, because the company always looked after that part of it; that therefore he made no further investigation of the matter.

There is a direct conflict between the testimony of Dr. Kittrell that Nichols agreed to the deduction, and that of Nichols denying any agreement. The facts in the case strongly support the statement of Dr. Kittrell. It is uncontradicted that the subject was first broached by Nichols and that he wanted to go to Shreveport. The purpose of these repeated explanations was to relieve the company of liability for the added expense, by obtaining Nichols' consent to the deduction from his compensation. It is not reasonable to suppose that, with the situation perfectly understood by all parties, this expense was incurred and paid for by the company without obtaining the consent of the employee. The preponderance of all the testimony is in favor of the contention of defendant that Nichols expressly consented to the deduction. Unquestionably, his action in accepting the additional treatment, under the circumstances, constituted an implied consent. Is an express consent necessary to permit of the deduction claimed?

The only case to which we have been referred, or which we have been able to find in our jurisprudence, in any way so holding is that of Delaney v. Ferd. Brenner Lumber Company, 154 La. 156, 97 So. 349. This case reviews on writs a decision of the Court of Appeal allowing a deduction for excess medical expenses on grounds of equity alone. There is no contention that any agreement was entered into permitting the deduction.

The decision first holds that paragraph 6 of section 8 of the Workmen's Compensation Act applies only to the deduction of voluntary advances made to the plaintiff. Sums paid third persons for medical and hospital expenses are governed by paragraph 5 of said section, which reads, in part:

"5. The employer shall in every case coming under this act, furnish reasonable medical, surgical and hospital services and medicines not to exceed $250.00 in value, unless the employee refuses to allow them to be furnished by the employer."

Justice Rogers, the organ of the court, says:

"This provision of the law fixes the maximum that shall be paid by the employer, but it does not, nor does any other provision of the statute, authorize the deduction of any excess paid without the consent of the employee."

He cites the case of Quave v. Lott-Batson Lumber Company, Ltd., 151 La. 1052, 92 So. 678, 679, in which this almost identical language is used:

"The statute fixes the maximum that shall be paid, but does not provide that any excess paid by the employer shall be deducted from the weekly compensation, without the consent of the injured employee."

In the Delaney Case, the court does say, in answer to the suggestion that to hold the employer strictly to the amount provided by the statute would in many cases work a hardship and operate injuriously to the employee, "the remedy in such cases is for the employer, or his insurer, to obtain the express

consent of the employee before incurring excessive charges in his behalf."

In the next paragraph, still discussing the question of consent, the word "express" is again left out. It reads:

"If the employer, or his insurer, could be permitted to impose upon the employee, without his consent, extraordinary or heavy medical, surgical, and hospital expenses, which might or might not be beneficial to him, it might well happen that such expenses and charges would consume a large part, if not all, of the compensation to which the employee is entitled."

The case of Thompson v. Louisiana Central Lumber Company, 2 La. App. 200, decided by Judge Carver, citing the two above cases, holds:

"It was squarely held, though, by the Supreme Court in Delaney v. Ferd. Brenner Lumber Company, 154 La. 156, 97 So. 349, and Quave v. Lott-Batson Lumber Company, 151 La. 1052, 92 So. 678, that excess payments for hospital and medical services could not be deducted by the employer from the compensation due the employee without the latter's consent."

The qualifying word "express" does not appear in the exhaustive opinion.

We do not think, considering the whole jurisprudence, that the court in the Delaney Case, by using the words, "express consent" in merely suggesting a remedy for an unfortunate situation, intended to restrict the right of an employer to deduct extra medical expense from compensation, only to cases where the express consent of the employee is obtained.

In the Thompson Case, Judge Carver held that, though there was no consent, the employer was plainly liable, under articles 2299 and 2300 of the Civil Code, for excess medical charges, but that to permit of their deduction from his compensation, plaintiff's consent was necessary.

■ The Compensation Act being silent on the subject, the question is one of general law whereunder consent may be either express or implied. We agree that, for the protection of the injured employee, the deduction should only be allowed where, as in the present case, consent is clearly proved, but hold that express consent is not required.

It is contended by counsel for plaintiff that the provisions of section 21, par. 1, of the Compensation Act (Act No. 85 of 1926, p. 123), to the effect that compensation "shall not be assignable, and shall be exempt from all claims of creditors," bars the deduction sought. We think, in view of the many cases holding that, when consented to, deductions for excess medical expense can be made from compensation, that though not directly referred to, this section and paragraph are not applicable to such a deduction.

■ But at the time of the consent and the incurring of the excess medical charges, plaintiff was a minor. Article 1782 of the Civil Code provides:

"All persons have the capacity to contract except those whose incapacity is specially declared by law. These are persons of insane mind, those who are interdicted, minors and married women."

In the Thompson v. Louisiana Central Lumber Case, 2 La. App. 200, it is held that subsection 6 of section 3 of the Workmen's Compensation Act, extending the capacity to minors over the age of eighteen years, so that they may elect whether they will come under its operation, does not go to the extent of giving them a right to contract in cases not expressly contemplated by the act; that therefore, there being nothing in the act on the subject, a minor cannot legally consent to the deduction from his compensation of excess medical charges. There being no decisions to the contrary, it would seem that this would settle the matter. But counsel for defendant strenuously contend that this decision on the question of minority is wrong and should not be followed in this case. They go considerably outside of the record to explain why writs were refused by the Supreme Court, and suggest that we will be justified in overruling this case until the Supreme Court has directly passed upon the point. We think it the better and safer policy to follow decisions already rendered, not clearly erroneous until overruled by the higher court.

■ They contend also that the question of minority should not be considered because not pleaded by plaintiff. The matter of the deduction of this excess medical expense is an averment of set-off and avoidance, contained in the answer. It is open to all defenses on the part of plaintiff, without their being pleaded, as our practice does not permit of replications. All of the testimony on the subject of the minority of plaintiff was admitted without objection. If defendant was taken by surprise, he could have moved for a continuance.

■ They further contend that the following dictated agreement, appearing in the record before the taking of testimony, bars and estops plaintiff from asserting the defense of minority. The agreement reads, in part, as follows:

"In this case it is agreed by plaintiff and defendant that the only issue to be decided by the court is the question as to whether or not the hospital, medical and surgical bills paid by the defendant and charged to Workmen's Compensation in excess of Two Hundred and Fifty Dollars, are chargeable to the plaintiff."

We think the word "chargeable" is not restrictive, but broad enough to include any defense in law or of fact; that minority is a per-

fectly valid defense of law and fact of the question of liability; that in the sense used in the agreement chargeability and liability are synonymous; that therefore the defense of minority is not barred by the agreement.

We therefore conclude, as did the learned district judge, that though plaintiff consented to the deduction, he was a minor at the time and is not bound by his consent.

The judgment of the lower court is therefore affirmed, with costs.