RAWLS v. BROWN PAPER MILL CO., Inc.*
No. 5177.

Court of Appeal of Louisiana. Second Circuit.
Dec. 13, 1935.

Hudson, Potts & Bernstein, of Monroe, for appellant.

Edward L. Gladney, Jr., of Bastrop, and Julius T. Long, of Shreveport, for appellee.

DREW, Judge.

On November 19, 1934, plaintiff instituted this suit for compensation, claiming total permanent disability, and prayed for judgment in the amount of 65 per cent. of his weekly wage for a period not to exceed 400 weeks, less certain credits due for payments previously made to him by defendant.

He alleged that on the 10th day of September, 1934, while in the employ of the defendant, that his left hand was injured and crushed to such an extent as to make it necessary to amputate it between the elbow and wrist; that prior to the time of this accident, to wit, January 13, 1934, while in the employ of defendant he suffered the loss of the first phalanx of the index finger of the right hand, two phalanges of the middle finger of the right hand, and the third finger of the same hand was so badly injured and weakened that it was of little use to him, and that the injuries to the right hand at that time caused a serious loss of the functional use of it; that on account of the injury to the right hand on January 13, 1934, he was paid by defendant compensation for a period of 16 weeks at the rate of $12.02 per week, at the end of which period he was put back to work and worked for defendant until the accident of September 10, 1934, when he lost his left hand. He alleged his disability to perform any work other than manual labor prior to the time of the injuries, and that due to said injuries he is now permanently and totally disabled to perform work of any character. He further alleged that defendant had refused to pay, on account of said injury of September 10, 1934, compensation for a period beyond 150 weeks. He alleged he had been paid compensation for the loss of a hand due to said accident for a period of 17 weeks, for which defendant was entitled to a credit.

Defendant filed an exception of prematurity on November 28, 1934, and on the same day filed an exception of no cause or right of action. These exceptions were never submitted, argued, or passed upon.

On January 12, 1935, plaintiff filed a supplemental petition in which he alleged that the injury he received on January 13, 1934, impaired the usefulness of his right hand to the extent of at least 75 per cent. He further alleged:

"3. That although he went back to work for the said defendant at its request about March 29, 1934, the injuries he sustained in January, 1934, had hardly healed, and he was never able thereafter to do said work on account of the crippled condition of his said right hand and it was too dangerous for him to try to do said work; that the crippled condition of the said right hand materially aided in bringing on his injuries sustained on or about September 10, 1934, while working for the said defendant. * * *"

"7. That on account of his aforesaid injuries and impairments and disabilities the said defendant is indebted unto him and he should recover from the said defendant a weekly compensation for four hundred weeks, beginning January 13, 1934, for the sum of Eleven and 96/100 Dollars per week to September 10, 1934, and for the sum of and for the weekly compensation of Twelve and 74/100 Dollars per week thereafter until the expiration of the said four hundred weeks, less a credit of Twelve and 02/100 Dollars per week for Sixteen weeks paid by or for the said defendant, with legal interest on each weekly installment or payment not consumed by said credit from its maturity until paid.

"8. That plaintiff has made repeated amicable demands upon the defendant for payment to him by it of the amounts of compensation due him from the time it ceased to pay him weekly compensation about sixteen weeks after he was thus injured on or about January 13, 1934, to the time he was injured on or about September 10, 1934, without avail, which amounts he has not been paid; that defendant has failed and refused to pay him the said amounts without giving any reason for so failing and refusing."

He prayed for a judgment for a weekly amount of compensation of $11.96 which he alleged was 65 per cent. of his weekly wage at the time of injury on January 13, 1934, from that date to September 10, 1934; and for weekly compensation at the rate of $12.74 from September 10, 1934, until 400 weeks had passed since January 13, 1934, less the sum of $12.02 per week paid for a period of 16 weeks after January 13, 1934.

Defendant filed an exception of prematurity to the amended petition. It then filed a motion to require plaintiff to elect

upon which cause of action he sued; that arising on January 13, 1934, or September 10, 1934. The exception of prematurity was never submitted or passed upon. The motion to elect was overruled, reserving to defendant the right to urge the motion as an objection to testimony.

Defendant then answered, admitting the employment of defendant and that he was injured in an accident in the course of his employment on January 13, 1934, requiring the amputation of two joints of the middle finger and one joint of the index finger on the right hand. It alleged he was able to, and did, return to work on March 29, 1934; that it paid to plaintiff $210.35 as compensation, which was 65 per cent. of his weekly wage for a period of 17½ weeks; and paid medical bills in the sum of $55; which, it alleged, was the proper amount of compensation due defendant for the accident on January 13, 1934. It admits plaintiff was in its employ when injured by the accident on September 10, 1934, and was drawing a weekly wage of $19.60. It admits it has paid plaintiff, for this accident, 65 per cent. of his weekly wage, which is $12.74, from the date of said accident, and is continuing to pay him. It also reserves all rights urged in the exceptions of prematurity and no cause of action. It prayed that the demands of plaintiff be rejected and, in the alternative, that his demands be rejected as of nonsuit, and, further, in the alternative, that plaintiff have judgment for $12.74 per week from September 10, 1934, for a period of 150 weeks, with a credit for compensation paid by it since September 10, 1934.

The lower court rendered judgment for plaintiff for a weekly sum of $12.74 from September 10, 1934, to continue during disability not to exceed 400 weeks, less a credit of $12.74 per week from September 10, 1934, until date of trial. The judgment provides for the proper interest and fixes fees of the expert witnesses and the attorneys. From this judgment defendant has appealed to this court, and plaintiff has answered the appeal and prays that the judgment be amended by awarding plaintiff $11.96 per week from January 13, 1934, to September 10, 1934, less a credit of $12.02 per week for 16 weeks paid by defendant, and from September 10, 1934, until the expiration of 400 weeks from January 13, 1934, he be awarded compensation at the rate of $12.74 per week.

When the case was called for trial defendant tendered the sum of $180.30, admitted to be additional compensation due for the injury received January 13, 1934. There was no tender of costs. The tender was refused, and defendant deposited the money in the registry of the court.

While defendant seriously urges the motion to elect, we fail to see any merit in it. Especially is this true in compensation cases where the strict rules of pleading are not adhered to. The suit is based on two separate accidents; one happening in January and one in September of the same year. Compensation is claimed for both, which is admitted to be due, and both accidents occurred when plaintiff was in the employ of the same defendant, and above all, the two accidents and injuries caused by them are directly connected, and the proof of one is necessary to establish the right to compensation claimed under the other; and the prayer of the petition is for compensation for a period not in excess of 400 weeks for both accidents. The injuries received grew out of the two accidents and the claim for compensation coupling the two accidents in one suit is proper.

The exceptions of prematurity and of no cause or right of action were not passed upon or submitted prior to the filing of the answer and when, at the very beginning of the trial, defendant admitted and tendered additional compensation, the questions of prematurity and of no cause or right of action which were urged on the merits passed out of the case. The tender did not include costs, and if the amount tendered is found to be the correct amount it could avail defendant nothing.

Defendant contends that to treat the injuries received on January 13, 1934, as involving the fingers alone, we would have only the loss of two phalanges of the middle finger and one and one-half phalanges of the index finger of the right hand, and that under such a condition the plaintiff would only be entitled to 25 weeks' compensation for the injuries under the provisions of the statute. Section 8, subdivision 1 (d) (Act No. 242 of 1928, p. 384). There can be no doubt about the correctness of this contention, but under the evidence we cannot find the injury to be only to the two fingers referred to. The facts as disclosed by the record are, that in addition

to the loss of the phalanges of the two fingers, that the third finger was injured and greatly weakened; also that infection set in at the knuckle of the middle finger which required that the palm of the hand just below the knuckle be lanced; that this wound has never entirely healed, and at the time of trial, more than a year after the accident, that the wound was tender and caused pain when pressed or used. The testimony of the experts was that soreness or tenderness would last for possibly one or two years, and as long as this soreness lasted the hand was unfit for use to perform labor. This being true, the injury was to the hand as well as to the fingers, and under the jurisprudence of this state it will have to be treated as such. It is not necessary that the entire hand be amputated to allow for the loss of the functional use of a hand. Quave v. Lott-Batson Lumber Co., 151 La. 1052, 92 So. 678; Calhoon v. Meridian Lumber Co., 180 La. 343, 156 So. 412.

We are convinced that plaintiff, by the accident of January 13, 1934, lost the use of the function of the right hand for the period at least from January 13, 1934, up to September 10, 1934; and after he lost the left hand entirely on September 10, 1934, due to the continuing condition of the right hand which had not become such that plaintiff could use it for manual labor, that he was totally disabled from performing work of any character that he was accustomed to perform or had ability to perform. The testimony for all experts, for both plaintiff and defendant, is that at the time of trial he was totally disabled from performing work of any reasonable character due to the two injuries he had received. No one of the experts was willing to say when that condition would change.

We are convinced that under the jurisprudence of the state plaintiff is entitled to judgment for 65 per cent. of his weekly wage for a period of disability not to exceed 400 weeks. It is urged by defendant that to so hold would be in direct conflict with the case of Calhoon v. Meridian Lumber Co., supra, and other decisions in line therewith. We are of the opinion the Calhoon Case is good authority for holding that the right hand of plaintiff was useless for manual labor, and there is no argument advanced, or any that could be advanced, in support of a proposition that when one hand is amputated and the other useless for manual labor that a person so afflicted is not totally disabled from performing manual labor of any kind.

We are of the opinion that the proper judgment in the case is that plaintiff be awarded compensation at the rate of 65 per cent. of his weekly wage for a period of not more than 400 weeks and during disability, to be paid at the rate of $11.96 per week from January 13, 1934, until September 10, 1934; and from September 10, 1934, until the expiration of the time of disability not to exceed 400 weeks, from January 13, 1934, at the rate of $12.74 per week, less a credit of 17 weeks paid at the rate of $12.02 per week beginning January 13, 1934; and also less a credit of $12.74 per week paid from September 10, 1934, up to the date of trial below; and the judgment of the lower court is amended to so read, and in all other respects the judgment is affirmed, with costs.