Plaintiff and appellant urges three principal errors in his application for a rehearing which will be discussed briefly in the order in which they are presented:
First, that the penalty provided by the statute where a lump sum settlement is set aside should have been allowed. Whether or not this penalty should be allowed is of no importance in this case if our method of calculating partial permanent disability as adopted in the opinion is correct. We found that the extent of this disability was 20%, and if the penalty was allowed even on the claimed weekly wage of $13.25, the compensation would be 65% of 20% of $13.25 per week, plus the 50% penalty added, or $2.58 per week, which is less than the minimum of $3.00 per week allowed in the decree. However, we would not want to be understood as holding or intimating that the statutory penalty should have been allowed under the facts of this case.
Second, that the difference in the earning capacity of the plaintiff before the injury and that after the injury should have been based on what he actually earned after the injury instead of the decrease in his earning capacity based on a disability of 20%. The law (par. (c) of Subsection 1 of Section 8 of Act 20 of 1914, as amended) does not fix compensation for partial permanent disability on the basis of the difference of wages received by the employee at the time of the injury and the wages that he actually earns thereafter, but this loss in earning capacity is based on the difference in the wages that he was receiving when injured and the wages he is able to earn after the injury, as was said in the original opinion. We think the method there used in arriving at this difference in earning capacity is fair and equitable to both the employee and the employer, and we see no reason to change it.
Third, that the amount paid by the employer and its insurer in excess of the maximum hospital and medical expenses for the treatment of plaintiff should not have been deducted from his compensation. The Supreme Court has held that payments made by an employer or his insurer for medical and hospital services rendered the injured employee in excess of the maximum requirement of $250 fixed by par. 5 of Section 8 of the Compensation Law, Act 20 of 1914, as amended, Act No. 247 of 1920, cannot be deducted from the compensation due the employee without his consent. Delaney v. Ferd. Brenner Lbr. Co.,154 La. 156, 97 So. 349; Quave v. Lott-Batson Lbr. Co., Ltd.,151 La. 1052, 92 So. 678. We were under the impression that plaintiff had agreed in the lump sum settlement agreement executed on July 6, 1939, for this excess to be considered and deducted from his compensation, however, a re-examination of that agreement shows that the employer and its insurer agreed to pay all the medical and hospital expenses amounting to $497.91, and nothing is said in the agreement about deducting the excess of this amount above $250 from the compensation *Page 197 
due the plaintiff. In fact, this agreement shows that the excess was not to be deducted, and under the authority of the above cited cases, as well as several others relating to this matter, this excess cannot be deducted as a credit on the compensation allowed in our former decree. See Thompson v. La. Central Lumber Co., 2 La.App. 200; Nichols v. Tall Timber Lumber Co., La.App., 145 So. 691.
For these reasons, our former decree is hereby amended by reducing the total credits to be allowed against the compensation therein awarded from $496.73 to a credit of $248.82, and as thus amended the decree is re-instated, reserving to defendants and appellees the right to apply for a rehearing on this reduction in the credit allowance only. And with this amendment of the decree, the application for a rehearing filed herein is hereby refused.