Plaintiff brought this suit against his employer, the Aldrich Company, and its insurance carrier, Travelers Insurance Company, for compensation on the basis of $19.50 per week for a period not exceeding 400 weeks, less payments of compensation for thirty weeks at $13 per week, plus medical expenses not exceeding $250. He alleges that he was working as a carpenter helper, working ten hours per day for six days per week at 50 cents per hour, or a total weekly wage of $30. His claim is for 65% of this weekly wage based on total and permanent disability. He alleges further that while he was working on a bridge on April 30, 1942, picking up creosoted timbers, a splinter or piece of timber broke or bruised the skin on his left hand at the base of the index finger; that creosote poisoning set up requiring medical treatment; that as a result of the injury, the index finger on his left hand has become stiff rendering him unable to carry on his occupation.
The defendants admit that plaintiff sustained the injury which resulted in a stiffness in the index finger of his left hand, but they deny that this injury causes total and permanent disability. They admit that plaintiff has lost the use of his finger, and admit paying compensation for thirty weeks at $13 per week. They allege that plaintiff was employed on the basis of a forty hour week at 50 cents per hour, and deny that he was employed to work ten hours per day for a six day week. The contention of defendants is that plaintiff has been fully compensated for the loss of the use of the finger and there is no further liability.
The trial judge found that plaintiff was partially disabled, and rendered a judgment in his favor for the minimum of $3 per week during his partial disability not to exceed 300 weeks, less the amount already paid. Both plaintiff and defendants have appealed, the former insisting that he is entitled to total permanent disability not to exceed 400 weeks, less the amount paid, and the latter insisting that the payment of compensation for the loss of a finger is all the compensation due plaintiff.
Plaintiff offered to have his finger amputated at the expense of defendants which offer the latter refused unless their liability was restricted to compensation for thirty weeks. There seems to be no dispute as to the condition of plaintiff's finger. In *Page 636 
fact, defendants' own doctors state that the plaintiff has completely lost the use of the index finger of his left hand; that the finger is stiff and cannot be used or flexed so as to be of any practical service in doing carpenter work, or work of that nature. The principal dispute is the extent to which the stiffness of his finger impairs plaintiff's ability to do the kind of work he was doing when he was injured.
Plaintiff testified that he was required to handle lumber and timbers; that he carried a sack of nails around his body and carried a hammer with which he occasionally drove a nail; that he cannot do the work he was doing on the job at the time of the injury because the stiff finger is in his way and prevents him from holding a nail between his thumb and forefinger, and when he puts his finger in the sack or strikes it against some object he suffers pain. It is practically conceded by all the witnesses that the stiff finger does impair plaintiff's ability to do carpenter work or the kind of work he was doing to some extent. But it is equally clear from the evidence that plaintiff is not totally incapacitated from doing the work of a carpenter helper, or work of a similar nature. On this phase of the case, the trial judge made the following statement: "Being familiar with the type of work performed by a carpenter, or a carpenter's helper, and seeing the condition of the plaintiff's finger, I am of the opinion that the disability would not exceed ten or fifteen percent."
Having reached the conclusion that the plaintiff is only partially disabled the trial judge proceeded to award him compensation on a temporary, partial basis and as he found that the percentage of the disability would not exceed the minimum award of $3 per week for a period not exceeding 300 weeks, he rendered a judgment on that basis. In basing his judgment or partial disability, the trial judge followed the case of Gray v. Bird Son, Inc., et al., 12 So.2d 828, where the court found that stiffness in an employee's wrist incapacitated him from doing his work to an extent of not over 15 per cent and based compensation on partial temporary disability, and an award of the minimum of $3 per week was made for a period not over 300 weeks.
In the recent case of Washington v. Holmes Barnes, Ltd., et al., 4 So.2d 51 and 5 So.2d 195, we discussed this question thoroughly and found in that case that the disability of the employee on account of an injury to his left arm incapacitated him to the extent of about 20 per cent, and we gave him the minimum of $3 per week for a period not exceeding 300 weeks. We think the method followed in that case of arriving at the amount of compensation where there is only a partial impairment of the earning capacity is correct and in accordance with the spirit and purpose of the compensation law. For a court to award an employee compensation for total disability where his earning capacity is only slightly impaired is not only unfair to the employer, but it is also unfair to an employee who is totally disabled yet gets no more compensation than the one who is only partially disabled and can continue to work and earn almost if not as much as he did before the injury.
The Washington v. Holmes Barnes case went to the Supreme Court on a writ, and that Court approved our holding that plaintiff's disability was only partial and not total, and the settlement made on the partial disability basis was not improper. See 200 La. 787, 9 So.2d 35.
[1] This court has decided to follow the principle set forth in the Washington v. Holmes Barnes case, supra, and where the record shows that the injury to an employee only affects his capacity to perform the kind of work he is fitted to do not over fifteen or twenty per cent, the proper basis for compensation is partial disability to be determined by the difference in wages he was earning at the time of the injury and what he is able to earn after the injury. This difference represents the impairment of his earning capacity.
The plaintiff was no doubt totally disabled for a few weeks after the injury, but we are unable to determine from the record the length of time he was totally disabled. The two doctors who testified in the case examined plaintiff about a year after the accident and found the index finger on his left hand stiff with ankylosis of the first and second joints and atrophy of the tissues. The doctors agreed that plaintiff has lost the use of this finger, but they did not state that he was totally disabled to do the work of a carpenter or carpenter helper. They agree that the stiff finger would be somewhat of a handicap to him in doing carpenter work and he could not do this work quite as fast.
[2] We think the estimate of the disability of not over fifteen per cent made *Page 637 
by the trial judge is fair and fully justified by the record. Whether the weekly wage was $30 as claimed by the plaintiff, or $20 as claimed by the defendant is immaterial in this case as 65 per cent of a 15 per cent disability would make the compensation less than the minimum of $3 per week.
For the reasons assigned, the judgment appealed from is hereby affirmed.