CAVANAUGH, Judge.
This suit is by the plaintiff against the defendant and his compensation insurer under the Workmen’s Compensation Act for the maximum amount of compensation of $30 per week for a period not exceeding 400 weeks during the period of his disability, subject to the payment of 50 weeks’ (compensation at $30 per week by the insurance company.
The defendant is engaged in farming and particularly the growing of sugar cane. In the operation of his plantation of 579 acres in Lafourche Parish, about 60% is used for the planting and cultivation of sugar cane and the other 40% is used for the planting and cultivation of corn, potatoes and other agricultural products. He usually employs approximately twelve laborers to work on his farm or plantation. He is not engaged in the manufacturing of sugar or the processing of other agricultural products, but in connection with his farming operations he uses motor and power driven machinery of the most modern type to carry on his operations. The' plaintiff was employed as a farm laborer and rendered all types of services required of a laborer on a sugar plantation. The defendant harvests his cane crop with a Thompson Hurricane Harvester, which is a mechanical harvester. Two men are used in the operation of this particular machine. The driver, or operator, of the machine who controls its movement and directs its operation -and who is in charge of the machine, is stationed in a position on a seat near the top of the machine, and the other worker is stationed on a seat near the bottom of the machine and is employed in the position known as a “cutterbar operator.” The cutterbar operator raises and lowers the bottom blade of the machine while it is in operation to cut the sugar cane even with the row. The upper blade is operated by the operator of the machine which severs the top of the stalk of cane in its movement. The cane is cut- as the machine moves down the row, and falls on a chain belt used as an elevator and is carried to a platform. If we understand the operations correctly, this platform or bin has a piler gate, and when the bin or receptacle is full, it is tripped to permit the cane to be unloaded. The plaintiff was' employed at the time of the injury on this machine as á cutterbar operator, and, while engaged in oiling its parts, he suffered the loss of two phalanges of his middle finger, two and one-half phalages of his ring, or fourth, finger, and the entire little finger of his right hand. He only has remaining of the fingers on the right hand the thumb, the index finger, the proximal phalange of the middle finger and one-half of the proximal phalange of the ring finger.
The accident and injury to plaintiff’s hand happened on October 26, 1949, and the insurance Company paid him 50 weeks’ compensation at $30 per week and discontinued payments.
The defense to this suit is a general denial and with an admission that the insurance company paid the 50 weeks’ compensation.
The District Judge awarded the plaintiff compensation at the maximum rate of $30 per week for a period not exceeding 100 weeks under the provisions of LSA-R.S., Title 23, Section 1221, subdivision (4) (p).
From this judgment the plaintiff has appealed, and the defendant has answered the appeal, praying that the judgment be reversed and the plaintiff’s suit dismissed, or that the judgment should be amended reducing the award, or, finally, that, only in the alternative, it should be affirmed.
The District Judge in his written reasons for judgment has fully reviewed the evidence and reached the conclusion that the plaintiff was employed as a farm laborer on defendant’s plantation and that during three months of the year he performed the services of a cutterbar operator on the Thompson Hurricane Harvester and that *553 ■during the other nine months of the year he performed ordinary farm labor such as driving a truck, tractor, cultivator or other farm machinery, or hoeing and doing ordinary manual labor on the farm. He found as a fact that the plaintiff was totally disabled to1 work or perform the duties of ■ a cutterbar operator on the harvesting machine, but that he could do and perform the other work he was accustomed to doing in defendant’s farming operations. He reasoned that since plaintiff’s work as a cutterbar operator was only seasonal, and required services during three months , out of the year, and that he could perform the other .duties and services he was accustomed to performing, he was not totally and permanently disabled, but .was only partially disabled to do the work he w,as accustomed to doing at the time of the accident and injury.
The questions presented by this appeal are:
1. The basis on which the compensation due plaintiff should be predicated, that is, whether on a five or six day per week basis, and his seasonal employment as a cutterbar operator for three months and his regular employment of nine months as a farm laborer;
2. Whether plaintiff’s injuries have produced disability to do work of any reasonable character or whether he is only partially disabled.
We will consider the questions as herein presented.
The plaintiff at the time of the injuries was employed at a daily rate of pay of $8 per day, and the court below stated:
“The .record shows that plaintiff, in pursuing his occupation as a farm worker, was engaged in performing the work required of any farm worker three-fourths of the time, and engaged in seasonal work as a harvester operator one-fourth of the.time. He was injured while engaged in the performance of his seasonal work. We have .found that his disability does not prevent his performing regular farm work, but does prevent his doing the seasonal job of harvester operator satisfactorily, and that as to the latter he is considered totally disabled. We have held that to be a partial disability. Under that holding, we believe he is entitled to one-fourth of the maximum compensation provided by law, or compensation for 100 weeks, which, it may be noted, is also the maximum provided by paragraph (p) of [LSA-] R-Sl 23:1221.
“The general rule seems to be well established in our jurisprudence that disability payments be calculated' at a daily wage rate fór'á five-day week, and undoubtedly that is a reasonable and equitable rule to follow in ordinary cases where the disabled person was engaged in an occupation providing a uniform scale of pay perennially. In this case, plaintiff’s wage was $8.00 a day for his seasonal work of three months and $3.30 a day for regular farm work the remainder of the year. If plaintiff were found unable to do work of any reasonable character and as a consequence totally and permanently disabled and entitled, to compensation for the maximum time provided by law, then the general rule might well be applied, for the reason that the 5-day week is the average throughout the year; ; under [ which plaintiff would receive payments for. three months at a rate less .than the maximum, but at a rate far in exces.5 of his total earning capacity for nine-months of each year during the period. We believe that the finding of partial disability, coupled , with the , circumstance of a seasonal occupation, warrants special consideration, indeed, the same consideration it was given by the-employer’s insurer, who paid plaiptiff the maximum compensation of $30.00 per week for fifty weeks for no other evident reason than that the earnings of plaintiff, in his seasonal occupation justified' the payment of that amount: It seems to us that not only simple, jus *554 tice and equity' justify the maximum rate, but that section (p) of [LSA-] R.S. 23:1221 expressly provides for it.”
The original Compensation Act, Act No. 20 of 1914, Section 8, paragraph 3, based compensation due an injured employee on the average weekly wages. The average wage was computed by taking the annual earnings of the employee during the year preceding, the accident and dividing the amount by fifty-two. The Act was amended in 1916, Act No. 243 of 1916, to provide that wages were defined to mean “the daily rate of pay at which the service rendered is recompensed under the contract to hire in force at the time of accident.” The present section reads:
“ ‘Wages’ means the daily rate of pay at which the service rendered by the injured employee is recompensed under the contract of hiring in force at the time of the injury.” LSA-R.S. 23:1021(11).
The courts of this state have repeatedly held that under contracts of employment such as the plaintiff was engaged in at the time of the accident, the daily rate of wage at the time of the accident and injury governed the rate at which the injured employee’s compensation is computed. This rule was applied, although he worked in different capacities at different times, and if he was earning a lower wage at the time of the accident, his compensation was computed on the lower wage, and if he was earning a higher wage in another capacity, his compensation was based on the higher wage. Wilson v. Louisiana Central Lumber Co., 3 La.App. 425; Coats v. Windsor, La.App., 167 So. 483. In the case at bar, as pointed out by the Trial Judge, the compensation paid to the injured employee at the maximum rate will amount to more than the actual wages he earns during nine months of the year, but will be less than that which he earns during the period in which the sugar cane is harvested, or the seasonal period of three months of the year. The Trial Judge reasoned that since the plaintiff would only be disabled three months out of the year, or one-fourth of his employed time, he would be entitled to compensation for one hundred weeks at the maximum rate on account of his seasonal employment and the impairment of his hand by the loss and severance of the little finger and portions of the ring and middle fingers and was guided by the case of Mitchell v. T. J. Moss Tie Co., La.App., 27 So.2d 385.
The Court has cited no authority for this application of the law, and we believe that it is erroneous, because an employee’s compensation under the statute, whether it is seasonal, irregular or otherwise, is computed on a six-day work week basis at the daily rate of pay he was employed at the time he suffered the accident. It does not make any difference if the contract of hiring was only one day out of the week, or only three months out of the year, he is entitled to have his compensation computed at the rate of pay in effect on the actual day of the injury, based not upon the number of days per week he was employed, but upon the number of days he could have possibly secured employment had he not been injured, or six days a week. The ■seasonal or irregular employment has nothing to do with computing his rate. The last case in which this proposition was presented was in the case of Jarrell v. Travelers Ins. Co., 218 La. 531, 50 So.2d 22, 23, where the Supreme Court, through Chief Justice Fournet, said:
“In the case of Rylander v. T. Smith & Son, Inc., 177 La. 716, 149 So. 434, this court had occasion to determine the amount of compensation to be paid per week to a longshoreman employed intermittently, and after reviewing the history of the Act, particularly Section g thereof in its present form (quoted in part above), adopted the view followed by the Courts of Appeal for the Parish of Orleans and the Second Circuit, namely, that an injured workman is entitled to compensation at the rate of pay in effect on the actual day of the injury, based not upon the number of days per week he was employed but upon the number of days he could pos *555 sibly have secured employment had he not been injured, or six days a week; and repudiated the basis of computation approved in two previous cases by the Court of Appeal for the First Circuit in arriving at the daily wage. In the course of the opinion it was very aptly pointed out by the Court: ‘The workman’s compensation statute is not a statute allowing the workman damages for injuries sustained in the course of his employment even through the negligence or fault of his employer. It is essentially insurance against the loss or diminution of earning capacity * * *, ’ the Court observing further that in the case of permanent total disability the accident and injury have the unquestioned effect of depriving the person of his ability to work at full time employment in the future. 177 La. at page 720, 149 So. at page 435.”
See also Bolden v. Plant Line Stevedoring Co., La.App., 169 So. 189.
Therefore, we feel we are bound by the decision of the Supreme Court in this case and find that the plaintiff is entitled to have his compensation computed on a six day per week basis of $8 per day, or $48 per week, instead of five days per week at $8 per day, or $40 per week.
The trial court under the evidence found plaintiff partially disabled to do the work he was accustomed to doing, but only awarded him compensation for 100 weeks based on subparagraph (p) of Paragraph 4 of Section 1221 of Title 23 of LSA-R.S. This section reads as follows:
“(p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation here-inabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks.”
This section is only applied when the plaintiff’s injury and disability does not fall with any of the provisions already made. Black v. Louisiana Cent. Lumber Co., 161 La. 889, 109 So. 538. If the plaintiff is partially disabled to do work of any reasonable character or the work he was accustomed to doing at the time of the alleged accident, then he is entitled to have his compensation computed under Paragraph 3, Section 1221, LSA-R.S. 23. This provision provides:
“For injury producing partial disability to do work of any reasonable character, sixty-five per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not beyond three hundred weeks.”
This court stated in Vilce v. Travelers Ins. Co., La.App., 24 So.2d 485, 488:
“In some recent decisions this court has expressed an intention to base compensation payments on partial disability where the evidence shows that the injured employee has only suffered an impairment or reduction in his earning capacity and the proof is in such shape as to show the degree of the disability or the loss in earning capacity- and where the proof shows that the injured employee is not totally disabled from doing work of a reasonable character.
“We began the application of this interpretation of the compensation law in the recent case of Washington v. Holmes & Barnes, Limited, La.App., 4 So.2d 51, and Id., [La.App.,] 5 So.2d 195, where we gave reasons for our ruling. Our ruling on this point was sustained by the Supreme Court. 200 La. 787, 9 So.2d 35. We followed and applied the same principle of interpretation in the later cases of Barentine v. W. R. Aldrich & Co., La.App., 20 *556 So.2d 635 and Williams v. American Mutual Liability Ins. Co., La.App., 21 So.2d 521.”
See also Morgan v. American Bitumuls Co., 217 La. 968, 47 So.2d 739, and authorities cited.
Our conclusion in this case is the same' as the lower court in that the employee, only suffers a permanent partial disability and that his compensation should be computed under" the partial disability provision of the statute.
The lower court ■ found, and the ■ record unquestionably shows that the plaintiff is only partially disabled and subsequent to the accident he was able to earn, as a farm laborer, the sum of $3.30 per day. Therefore, he had by reason of the accident suffered a diminution in earnings and also a decreased ability to work by reason of the loss of" the fingers and injury suffered by him. At the time of the accident and injury he was, earning $8 per day and he was only able to earn, subsequent to the injury, the sum of $3.30 per day. It is proper, therefore, to compute his compensation under the partial disability provisions of the statute based on 65% of the difference in the wages he was earning at the time of the accident and injury and that which he was able to earn subsequent to the time he was injured, or 65% of the difference between $48 and $19.80, which is $28.20, or the sum of $18.33. Therefore, his weekly compensation should be for a period not exceeding 300 weeks during the period of disability at the rate of $18.33 per week, subject to the payment of 50 weeks’ compensation at $30 per week.
The plaintiff insists that he should be awarded compensation for total disability because the Trial Judge found that he was totally and permanently disabled to perform the work of a cutterbar operator on the cane cutting machine. This was only a part of the plaintiff’s duties and as the court below pointed out, the evidence is not convincing that he cannot do a part of this work, although he is handicapped and it will slow down and impede the operation of the machine unless he could perform the duties as well as an employee who did not have an injured hand. In the cases where permanent and total disability has, been awarded for injuries to the hand such as suffered by the plaintiff in this case, the evidence conclusively showed that the employee could not, by reason of the injuries, perform his-accustomed work. The case of Hughes v. Enloe, 214 La. 538, 38 So.2d 225, where compensation for total disability was awarded showed that the laborer could not do or perform his accustomed work after the ac.cident. The case of Harper v. Ragus, La.App., 62 So.2d 167 was the case of a farm laborer, but the injuries there were the entire loss of-the fingers of the hand, and the plaintiff in that case attempted to work and could not work on account of the disabled condition of the hand. In the case of Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695, the plaintiff suffered an injury causing a 60% impairment in his arm. He was the operator of an asphalt mixer, a skilled worker, and the injury to his arm produced total disability to do work of a reasonable character.
The evidence in this record, does not conclusively show that the plaintiff is 'permanently and totally disabled from performing substantially the duties of a farm laborer on defendant’s sugar plantation and that the lower -court correctly held-that the plaintiff was not totally and permanently disabled to do work of a reasonable character, but only partially disabled, and this finding of fact is approved.
In view of the foregoing, it is our opinion that the judgment of the District Court should be amended to award plaintiff compensation at the rate of $18.33 per week for the period of his disability, not exceeding 300 weeks, subject to the compensation previously paid and that in all other respects the judgment should be affirmed.
For the reasons assigned, it is ordered, adjudged and decreed,that the-judgment appealed from be amended to -award the plaintiff compensation at the rate of $18.33 per week for the period, of his' disability not exceeding 300 weeks from October 26, *557 1949, subject to the payment of 50 weeks’ compensation at the irate of $30 per week, in lieu of the 100 weeks at $30 per week awarded by the District Court, and that said weekly payments of compensation shall bea.r 5% per annum interest from their respective due dates until paid, and. that said judgment, as thus amended, be affirmed.